In the Matter of THE TOWERS MANAGEMENT CORPORA-TION, Respondent, against EDWIN H. THATCHER, as Commissioner of Buildings of the Borough of Brooklyn in the City of New York, et al., Appellants.

(Argued April 13, 1936; decided May 19, 1936.)

*Paul Windels, Corporation Counsel (Edmund L. Palmieri* and *Paxton Blair* of counsel), for appellants.

*B. Meredith Langstaff* for respondent.

CRANE, Ch. J.   The petitioner is the operating lessee of the Towers Hotel, a fifteen-story hotel located at Clark, Willow and Pineapple streets in the borough of Brooklyn, New York city.   It is located in a residence district, a district zoned for residential purposes under the Building Zone Resolution of the city.   The lessee desires to erect on the hotel an electric sign bearing the words " Towers Hotel."   The sign is thirty feet long by twelve to fifteen feet high, the letters illuminated by electricity being from twelve to fifteen feet tall.   Attached to a wall or stand on the roof about fourteen feet back from the building line it would operate as a flash sign, one word being superimposed upon the other, and one word displacing the other when in operation.   Thus the word " Towers " is extinguished when the word " Hotel " is flashed in the same space, the change taking place at certain marked intervals.

The Building Zone Resolution passed by the Board of Estimate and Apportionment, pursuant to section 242-b of the Greater New York Charter (Laws of 1901, ch. 466, as amd.) provides in article 2, section 3, as follows: " § 3. Residence Districts. In a residence district no building shall be erected other than a building, with its usual accessories, arranged, intended or designed exclusively for one or more of the following specified uses: (1) Dwellings, which shall include dwellings for one or more families and boarding houses and also hotels which have thirty or more sleeping rooms." (New York Code of Ordinances, Appendix B.)

In 1932 the petitioner applied to the Board of Standards and Appeals for a variation from the requirements of the Building Zone Resolution because of peculiar and unnecessary hardship. (Section 21 of the Resolution.) The application was denied. Later the petitioner came to the conclusion that the proposed sign was permitted within a residence district and that no variations were needed. Article 2, section 3, above quoted, permitted a hotel within the residence district " with its usual accessories " and the petitioner claimed this sign to be of that nature.

In 1935, therefore, the petitioner applied to the Commissioner of Buildings for a permit to erect the sign. This was in accordance with the requirements of chapter 23, article 16, section 215 (subd. 2) of the Code of Ordinances of the city of New York reading: "All permits for illuminated signs shall be issued by the city clerk, upon application therefor, approved by the * * * superintendent of buildings in the case of electric signs * * *." (The Superintendent of Buildings became the Commissioner of Buildings by chapter 764 of the Laws of 1933 amending the Greater New York Charter.)

Again the petitioner suffered defeat for the Commissioner refused to approve of any such permit, as the proposed sign was not usual for hotels in residential districts.

An appeal could have been taken from the Commissioner's ruling to the Board of Standards and Appeals. The charter prescribes:

" § 719. 1. What appealable. An appeal may be taken to the board of appeals from any order, requirement, decision or determination made by any superintendent of buildings under the authority of title two of chapter nine of this act or of any ordinance (except an order requiring an unsafe building, staging or structure to be made safe, and except an order punishing, removing or dismissing an employee, inspector or other subordinate) * * *." (Added L. 1916, ch. 503, § 6, as amd.)

The decision of the Board of Standards and Appeals made under the above section may be taken for review by petition to a justice of the Supreme Court or the Special Term thereof within thirty days after it has been filed or has been published in the bulletin. The petition must set forth that the decision is illegal in whole or in part and specify the grounds of illegality. (Charter, § 719a.)

Instead of pursuing this remedy the lessee of the Towers Hotel instituted this mandamus proceeding to compel the Commissioner of Buildings to issue to it a permit for the hotel sign. This time the petitioner was successful, as the Special Term of the Supreme Court granted a peremptory mandamus ordering Edwin H. Thatcher, as Commissioner, to grant a proper permit for the erection of a neon illuminating sign as above described. The order was unanimously affirmed by the Appellate Division. This was error. Mandamus will not issue where another remedy is available or provided by law. (*People ex rel. Broadway & 96th Street Realty Co.* v. *Walsh*, 203 App. Div. 468; leave to appeal to the Court of Appeals denied January 16, 1923; *Matter of Greene* v. *Dorman*, 229 App. Div. 743.)

The opinion in the *Walsh* case expresses clearly the point of the decisions: " The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of

each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done " (p. 474).

As the petitioner failed to first exhaust its remedy by appeal to the Board of Appeals, the peremptory order of mandamus was improperly granted.

The orders should be reversed and the petition dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.