JAMES H. McCABE and EMMA McCABE, His Wife, Plaintiffs, *v.*
THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, February 6, 1939.

*Cullen & Dykman* and *Snedeker & Snedeker* [*Ralph W. Crolly, Leonard N. Snedeker* and *Patrick J. Mahoney* of counsel], for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*Charles C. Weinstein, Loren Berry* and *Milton Alpert* of counsel], for the defendant.

CONWAY, J. The complaint substantially alleges that on and prior to June 27, 1938, plaintiffs were and now are the owners of a parcel of property located on Henry street, between Clark and Pierrepont streets, in the borough of Brooklyn; that on the above specified date the city planning commission adopted a resolution proposing a change in the height and area restrictions of the district in which plaintiffs' property is located; that on June 28, 1938, the commission's plan was filed with the secretary of the board of estimate of the city of New York; that within thirty days thereafter written protests against the proposed zoning changes were presented to the board of estimate; that such protests were duly signed and acknowledged by more than twenty per cent of the owners holding fee title in the district mentioned; that on July 28, 1938, the board of estimate passed a resolution purporting to confirm the proposed change; that the action of the board of estimate was by a majority, but not by a unanimous vote, and that thereafter the board of estimate caused notice to be given to the department of housing and buildings of the zoning changes which had thus been supposedly effected.

Plaintiffs claim that the aforementioned resolution was wrongfully adopted, and as a consequence the defendant municipality is unjustifiably preventing them from improving their property except in conformity with its regulations. They seek by way of this action the entry of a judgment declaring that the resolution adopted by the board of estimate was and is ineffective for the purposes intended.

The answer, although containing certain admissions, consists of a general denial and two separate defenses. In the first defense it is stated that the proposed changes in the height and area regulations were validly promulgated. Such contention is predicated upon the allegation that the city planning commission and the board of estimate complied in all respects with the procedural requirements prescribed in section 200 of the New York City Charter. It will be noted in passing that in this defense it is admitted that the board of estimate confirmed the proposed changes not by unanimous action, but by vote of ten in favor thereof and six opposed thereto. The second defense alleges that plaintiffs have an adequate remedy at law.

Upon the foregoing defendant moves for judgment on the pleadings.

In view of the fact that the second defense is invoked as a possible procedural bar to the maintenance of the action, I shall consider the question thus raised prior to discussing the substantive merit of plaintiffs' demand.

In contending for the adequacy of plaintiffs' remedy at law, defendant urges that " plaintiffs, when they are ready to build, may file plans with the Commissioner of Buildings in the Borough of Brooklyn and make application for a permit to build. If the plans and permit to build are denied because of the rezoning of Brooklyn Heights an appeal may be taken to the Board of Standards and Appeals of the City of New York. A full picture will then be presented to an administrative board comprised of experts with power to hold hearings and with power to vary the provisions of the Building Zone Resolution on the ground of hardship or to interpret laws and regulations with respect to the Building Code of the City of New York. (Citing *Matter of Towers Management Corporation* v. *Thatcher*, 271 N. Y. 94.)." The defendant further continues as follows: " If the decision of the Commissioner of Buildings were upheld by the Board of Standards and Appeals petition could then be made to a Justice of the Supreme Court at Special Term to review the decision of the Board. The fact that this remedy may be awkward and dilatory is immaterial. It is a remedy which is open to the plaintiffs and which must be availed of before an equitable remedy in the form of a declaratory judgment will lie. (Citing *Matter of Leone* v. *Brewer*, 259 N. Y. 386.) "

Defendant, in advancing the above argument, apparently overlooks the basic issue involved. An address for relief by a property owner to the board of standards and appeals is predicated upon a showing that, on the ground of unnecessary hardships or practical difficulties, there exists a sufficient ground for the exemption of the particular property from the enforcement of a *validly* enacted zoning regulation. The owner in such case seeks merely to escape the stringency of a properly imposed plan requiring conformity. By bringing his application for relief before such board, a complaining owner concedes its jurisdiction to act with respect to the subject-matter. Here, however, the plaintiffs challenge fundamentally the very validity of the resolution as adopted. They say, in effect, that there has been effectuated no valid change in the height or area regulations of the district which is binding upon their property or which requires, if sought to be enforced, the necessity of an appeal to a board whose jurisdiction extends only to the affording of relief from hardship and difficulty. Such board is not granted a judicial

authority permitting it to review the question of the validity of a resolution pursuant to which the board of estimate has purported to adopt new resolutions. The *Towers* and *Leone* cases, which are relied upon by the defendant, have no pertinency to the question here involved.

The purpose of the action, therefore, is for a categorical declaration judicially determining whether the prerogatives which flow from plaintiffs' ownership of the property within the district have been validly limited by the resolution of the board of estimate. Plaintiffs thus seek to set at rest the question whether they are presently or prospectively bound by the restrictions. They are, therefore, entitled to seek the remedy provided for in section 473 of the Civil Practice Act. The view which I entertain in such regard is amply supported by precedent. (See *Dowsey* v. *Village of Kensington*, 257 N. Y. 221.)

A consideration of the pleadings will indicate that the plan of the commission was purportedly adopted, not by a unanimous vote, but by a vote of ten to six. Section 200 of the New York City Charter requires that in the event that twenty per cent of the owners in the affected district register a protest, the plan of the commission requires a unanimous vote of the board of estimate as a condition precedent to adoption. It is not questioned herein that the requisite number of owners protested against the commission's plan. The dispute, however, concerns only the proposition whether, under the provisions of section 200 of the New York City Charter, such protests should have been filed with the board of estimate, as was done in the present case, or with the city planning commission. Defendant insists that the latter body is the proper agency for the filing thereof. In view of the extreme ambiguity of the section in such regard, I shall refer at length to its provisions:

" § 200. Any building resolution of the board of estimate to regulate and limit the height and bulk of buildings, to regulate and determine the area of yards, courts and other open spaces or to regulate and restrict the locations of trades and industries and the location of buildings designed for specific uses or creating districts for any such purpose, including any such regulation which provides that the board of standards and appeals may determine and .vary the application of such resolutions or regulations in harmony with their general purpose and intent and in accordance with general or specific rules contained in such regulations, may be amended, repealed or added to only in the following manner: the commission may upon its own initiative at any time or upon application as provided in section two hundred one, adopt a resolution for any such purpose subject to the limitations provided by

law. Before adopting any such resolution, the commission shall afford persons interested an opportunity to be heard at a time and place to be specified in a notice of hearing to be published in the City Record for the ten days of publication of the City Record immediately prior thereto. Any such resolution shall be filed with the secretary of the board of estimate within five days from the date of its adoption. Unless the board of estimate shall modify or disapprove such resolution by a three-fourths vote within thirty days from the day of filing, it shall thereupon take effect, except that in case a protest against a proposed resolution shall have theretofore been presented, duly signed and acknowledged by the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners of twenty per centum or more of the area of land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the area of land directly opposite thereto extending one hundred feet from the street frontage of such opposite land, such resolution shall not be effective unless approved by the board of estimate by unanimous vote of the entire board."

Plaintiffs maintain that the above section fails to indicate a statutory intent, requiring that protests be filed with the planning commission rather than with the board of estimate.

It is obviously unfortunate that there is not contained among the provisions of the section a specification indicating the proper place for the filing of protests. Suffice it to say that had a direction of such character been included in the section the present litigation could have been happily avoided. In the absence of a statutory designation for the filing of protests, the court is called upon to supply the omission by judicial construction.

A construction of the various provisions relating to city planning reveals that the planning commission, either upon its own initiative or upon the application of a taxpayer, may formulate proposed amendments, repeals or additions to existing zoning regulations. Interested persons are afforded an opportunity to be heard upon the subject. If, in fact, the commission concludes that zoning change is warranted, the formulation of such proposed change is embodied in a resolution which by law is required to be transmitted to the board of estimate within five days from the date of its adoption. It will thus be observed that the function of the planning commission is that of a mere advisory body. Its resolution, proposing a change, contains no attribute of finality. It does not command, it merely recommends. It will also be noted at this point that its action in recommending a proposed change is wholly unaffected by the fact that a protest against the formulation of a

plan has been filed. The ultimate power to adopt or to reject a proposed change resides solely in the board of estimate. Such affirmative action as may be taken by the board, in adopting the commission's recommendation, is very definitely affected by the fact that a sufficient protest has been filed. In the event that no protest has been filed, the proposed change becomes effective by three-fourths vote of the board in favor thereof. Where, on the contrary, a sufficient protest has been filed, the proposed plan becomes a valid restriction only in the event that the favorable action of the board is unanimous. Where, then, should such protest be properly filed? Was it intended that it be filed with the planning commission where the effect thereof is merely nugatory; or was it intended that it be filed with the board of estimate whose possible action is directly affected thereby? I think the answer must inevitably be in favor of the latter construction. My conclusion in such respect seems to be strengthened by the circumstance that there is no provision of law imposing upon the planning commission an obligation to transmit to the board of estimate, along with its recommendation proposing a change, any protest which may have been theretofore filed with the commission. The omission of a statutory requirement to such effect is significant and would obviously seem to indicate the correctness of plaintiffs' contention. Since there is no positive enactment of law requiring that a protest, if filed with the commission, be transmitted to the board of estimate, it follows as a necessary sequitur that there is *no mandatory duty* on the part of the commission to transmit the same. In the absence of a statutory command requiring such transmission, it would reasonably seem to have been intended that a protest, if any, should be filed directly with the board of estimate. Only if that procedure were followed would the board, as a matter of certainty, be officially cognizant whether its action was required to be unanimous or not in the adoption of a plan.

The defendant contends that a different construction necessarily will result from a comparison of the manner in which the words " resolution " and " proposed resolution " found in section 200 are used. The phrase in the section to which defendant specifically invokes attention is " except that in case a protest against a *proposed resolution* shall have *theretofore* been presented." It is maintained that the foregoing language contemplates of necessity that protests shall be filed, not with the board of estimate, but with the planning commission. The argument is that since throughout the section the term " resolution " unmistakably refers to the resolution of the commission, necessarily the expression " proposed

resolution " is likewise impliedly applicable to mean a " resolution " as " proposed " by the commission. It is, therefore, contended that the language signifies that a protest must be filed with the commission prior to the formation of a plan as embodied in its resolution.

It must be admitted that the foregoing argument appears forceful. I am of the opinion, however, that its cogency is completely negatived by the view heretofore expressed. It is my conclusion, after mature consideration of the entire statutory scheme relative to city planning, that the expression " proposed resolution " is to be treated as meaning the particular change in the zoning plan which has been proposed and recommended for the action of the board of estimate by the commission. This view is given support by the report of the city charter revision commission in its comment on " city planning." Thus in such report it is stated: " Zoning is an important element in planning. * * * The City Planning Commission has, therefore, been vested with the power to propose changes in existing zoning regulations upon its own initiative or upon the application of property owners. Such changes may be proposed by the Commission only after public hearing. The existing right of property owners whose interests may be affected is thus protected. All such *proposals* must be filed with the Board of Estimate."

It will be noted therein that the commission's resolution, which must be transmitted to the board of estimate, is characterized as a " proposal." The construction, therefore, to be placed upon the expression " proposed resolution," if recourse be had to the report of the revision commission, is that it denotes merely the planning commission's " proposal " of a change. In the light of such interpretation, section 200 would seem to indicate not that the protest must be filed prior to the time when the commission has *proposed a change* by way of its own recommendatory resolution, but rather that it shall be filed prior to the time that the board of estimate, by an effectively final resolution, has acted upon the commission's proposal.

In view of my conclusion that protests to the commission's recommendation may be effectively filed with the board of estimate, the defendant's motion for judgment is denied.