JAMES H. McCABE and EMMA McCABE, Respondents, v. THE CITY OF NEW YORK, Appellant.— Appeal by defendant from a judgment on the pleadings in favor of plaintiffs, entered on defendant's motion for judgment on the pleadings, which was denied. Judgment reversed on the law, with ten dollars costs and disbursements, defendant's motion granted, with ten dollars costs, and judgment directed for defendant, dismissing the complaint on the merits. The action was brought to procure a declaratory judgment that certain resolutions passed by the city planning commission, which rezoned both the height district and the area district in which plaintiffs' property is located, never became effective and are void. It is alleged in the complaint that the filing of certain protests with the board of estimate, after the resolutions were filed with that board, constituted a compliance with section 200 of the New York City Charter, and that the resolutions did not become effective because they were not approved by unanimous vote of the entire board of estimate. Defendant answered and moved for judgment on the pleadings, contending that section 200 of the Charter required that the protests be filed with the planning commission before the resolutions were adopted, and that, since the protests were not so presented and the board of estimate did not disapprove the resolutions, they became effective under section 200. In our opinion defendant's interpretation of the section is correct, and the resolutions are valid and effective. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. [170 Misc. 325.]

NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant, v. FRANK H. COYNE, as Trustee under a Declaration of Trust, Dated June 8, 1937, etc., Respondent, and E. G. MABIE and Others, Defendants.— Order granting respondent's motion for summary judgment and denying plaintiff's cross-motion for the same relief, and judgment entered thereon in favor of respondent, reversed on the law and the facts, with ten dollars costs and disbursements, respondent's motion denied, and plaintiff's cross-motion for summary judgment granted, with ten dollars costs. In view of the decision of this court in Coyne v. New York State Teachers' Retirement System (ante, p. 1006), decided herewith, to the effect that the proof fails to sustain a finding of an easement by implication on the ground of necessity, no issue remains for trial and plaintiff is entitled to summary judgment directing foreclosure of its mortgage and sale of the property free from the burden of the easement. Carswell, Johnston, Adel and Taylor, JJ., concur; Hagarty, J., concurs in the result, with the following memorandum: Although I am of opinion that the order granting respondent's motion for summary judgment should be reversed for the reason that the prior determination did not adjudicate the issue presented in this action, namely, whether or not the easement was in existence or in contemplation at the time of the making and delivery of the mortgage to plaintiff, I am constrained to vote to reverse the denial of plaintiff's cross-motion for summary judgment and to grant such motion solely on the authority of the decision of this court in the companion appeal (ante, p. 1006, decided herewith), in which, however, I have dissented.