FRANCES BREUEL, Plaintiff, *v.* PATRICK ROHAN et al., Defendants.

Supreme Court, Special Term, New York County, May 21, 1943.

*Robert H. Schaffer, Acting Corporation Counsel,* for City of New York, defendant.

*Van Derveer & Van Derveer* for plaintiff.

MILLER, J. Defendant City of New York moves for judgment on the pleadings. Plaintiff brings this action for a declaratory judgment to compel defendants Rohan to remove alleged encroachments of a wall from plaintiff's premises and to direct the City of New York to remove therefrom existing violations and to desist from putting future violations against the premises of plaintiff by reason of said wall.

Plaintiff owns the premises at 673 Edgecombe Avenue, borough of Manhattan, city of New York. Defendants Rohan own the adjacent premises, immediately east thereof at 672 Edgecombe Avenue. There is a wall between the properties built by a predecessor in interest of defendants Rohan. Plaintiff alleges that this wall has crept down so as to encroach upon plaintiff's premises and to become unsafe. In April, 1941, the City of New York placed a violation against both the premises of defendants Rohan and of plaintiff. Criminal proceedings based upon the alleged violation by plaintiff were dismissed in December, 1941. On January 11, 1943, the defendant City placed another and similar violation against the plaintiff's premises.

It further appears that the criminal proceedings instituted by defendant City as against the Rohans were likewise dismissed and that thereafter a second and similar violation was also placed by the City against their premises. The City thereupon instituted separate actions to recover penalties by reason of these violations against plaintiff and the Rohans in the Municipal Court of the City of New York, Borough of Manhattan, Eighth District. These actions are pending.

On January 16, 1943, an order was served by the Borough Superintendent of Buildings upon the plaintiff herein as owner of 673 Edgecombe Avenue, directing her to rebuild and repair all defective parts of the wall between her premises and immediately adjacent premises at 672 Edgecombe Avenue. No appeal was taken by plaintiff from this order.

The New York City Charter (1938) provides that the Board of Standards and Appeals shall act as an appellate administrative tribunal with power to entertain appeals from all decisions of the Borough Superintendent of Buildings. Section 648 provides: " Appeals may be taken from decisions of Borough Superintendents to the board of standards and appeals as provided by law."

Subdivision 6 of section 666 of said Charter provides further that: " The board shall have power:

＊　＊　＊　＊　＊　＊　＊

6. To hear and decide appeals and review any order, requirement, decision or determination of any borough superintendent of buildings or of the fire commissioner or any rule or regulation or amendment or repeal thereof made by the fire commissioner, under the authority conferred upon them by law, by reversing or affirming in whole or in part, or modifying the order, requirement, decision or determination appealed from, and to make such order, requirement, decision

or determination as in its opinion ought to be made in the premises, and to that end shall have the power of the officer from whose ruling the appeal is taken.''

The plaintiff has failed to exhaust her remedy by appeal to the Board of Standards and Appeals from the order of the Borough Superintendent of Buildings (cf. *Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94), and there is no showing that this remedy is not available to plaintiff (Rules Civ. Prac. rule 212).

It follows that the motion of defendant City of New York for judgment on the pleadings must be granted.