George A. Arkwright, J.
There are two proeedings of the petitioner involved herein; one, to review the determination of the Board of Standards and Appeals; and the other, for an order directing the Department of Housing and Buildings to issue a certificate of occupancy. The respondents cross move to vacate the order of certiorari and to dismiss the petition on which it was granted.
The petitioner is the owner of premises 1494-1496 East 3rd Street, Brooklyn, New York, upon which there is erected a two-story brick building. Plans and specifications of this two-story building to be occupied as a residence by one family, with a doctor’s office and garage, were approved on September 25,1951. On June 15, 1952 and up to the present time this building has been occupied by three families without a certificate of occupancy having been issued therefor.
Petitioner is also the owner of premises 224 Avenue N, on the same lot, a frame dwelling, in regard to which no change of occupancy was proposed. These premises will be further referred to subsequently.
The first proceeding was instituted by petitioner to obtain an order permitting a change of occupancy of the afore-mentioned two-story brick building to a three-family dwelling under subdivision 9 of section 9 of the Multiple Dwelling Law and also to relieve the petitioner from compliance with an order of the building department to remove certain plumbing fixtures from the frame building which caused an apparent arrangement for the occupancy of an additional family therein. The borough superintendent denied petitioner’s application. Thereafter, petitioner appealed to the Board of Standards and Appeals. After a bearing and an inspection of the premises in the *527 immediate neighborhood, the board denied the petitioner’s application.
Two preliminary motions have been made in connection with this application which will be considered first.
Petitioner, in one motion, asks that certain matters contained in the record o'f transcript of the proceedings before the Board of Standards and Appeals be stricken out and also for an order directing the board to serve and file a bill of particulars.
The part of the record sought to be stricken is a résumé of the official record made by an official of the Department of Housing and Buildings of the proceedings had by the petitioner with the department concerning the subject premises for the period beginning August 20,1940 to and including July 25,1952. The information given in the résumé was taken from the original records on file in the Department of Housing and Buildings which apparently are very voluminous and were summarized for that reason by the official of the Department of Housing and Buildings. This information was given to the Board of Standards and Appeals for its assistance and is properly a part of the record (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280).
As to that part of the application which seeks a bill of particulars there is no provision in the pertinent statutes (New York City Charter, §§ 666, 668; Administrative Code of City of New York, § 668e-1.0), for any such relief. Further, such information is not necessary or material in connection with petitioner’s application.
Petitioner’s motion to strike out and for a bill of particulars is therefore denied.
The respondent, Board of Standards and Appeals, in the second motion, moves to strike out the reply served by petitioner upon the ground that there is no provision in law for the service of a reply in this proceeding. Special Term is limited to the return and such additional proof as it deems necessary. No authority exists for a reply (Davis Eng. Corp. v. Murdoch, N. Y. L. J., June 11, 1946, p. 2314, col. 2). Respondent’s motion to strike out the reply, therefore, is granted.
We come now to a consideration of the merits of petitioner’s application to review the determination of the Board of Standards and Appeals. Petitioner’s application was denied on the ground that subdivision 9 of section 9 of the Multiple Dwelling Law is not applicable, because the structure was not “ erected ” prior to October 15, 1952 and was not a legally erected and approved two-story building on that date.
*528 The record indicates, as previously stated, that petitioner obtained approval of the plans and specifications on September 25,1951 for the erection on the aforesaid premises of a brick building for the occupancy of one family, a doctor’s office and a garage. Petitioner then apparently proceeded to erect a building on the premises not in accordance with the approved plans and specifications for a one-family, but for a three-family house arranged to be occupied by one family in the basement and two families on the first floor, completing the same on June 15, 1952. This change of occupancy was made contrary to the approved plans and specifications without any approval of the Department of Housing and Buildings at any time prior to said June 15, 1952, nor at any time thereafter. The brick building was not only not built or completed in accordance with the approved plans, but no application for a certificate of occupancy was applied for; and no certificate of occupancy was ever issued to the petitioner.
Section 646 of the Charter of the City of New York provides: “ Certificate of occupancy.— a. No building or structure hereafter constructed may be occupied or used in whole or in part for any purpose until a certificate of occupancy has been issued.” Section C26-181.0 of the Administrative Code provides: “ Certificate of occupancy for new structures.— a. It shall be unlawful to occupy or use any structure erected after January first, nineteen hundred thirty-eight, in violation of section six hundred forty-six, subdivision a of the charter.”
The term ‘‘ erected ’’ as used in subdivision 9 of section 9 of the Multiple Dwelling Law which permits the conversion of a one or two-family dwelling to a multiple dwelling, must be construed to mean a “ legally erected” building. In such respect subdivision 9 of section 9 provides: “Excepting a frame dwelling, any dwelling three stories or less in height erected after April eighteenth, nineteen hundred twenty-nine, and before October fifteenth, nineteen hundred fifty-two, as a one or two-family dwelling may be converted to a multiple dwelling to be occupied by not more than one family on each floor or three families in all. In each such instance, compliance shall be required with all the provisions of article six. ’’
It follows that the occupancy by the petitioner of the subject premises without a certificate of occupancy does not bring the building within the requirements of section 9. It also appears that the application does not come within that section for the additional reason that the building is presently occupied by two families on the second floor and is to be occupied by two families after the proposed change, which is contrary to the *529 provisions of section 9, which limits the occupancy of any of the floors to one family only.
The further direction of the Department of Housing and Buildings to remove the present bathroom and sink in the cellar, and the plumbing fixtures on the first floor in the rear dining room of premises 224 Avenue N, was made to prevent the possible use of such space as an additional unit for the occupancy of another tenant and thus change the legal occupancy by two tenants to an illegal occupancy by three families. .
In the circumstances, the action of the Board of Standards and Appeals, in denying petitioner’s above application is not arbitrary, capricious or unreasonable. Accordingly, the certiorari order is vacated, the petition dismissed, and the determination of the Board of Standards and Appeals affirmed.
That leaves for determination petitioner’s further application for an order directing the borough superintendent and commissioner of housing and buildings to issue a certificate of occupancy for premises 1494-1496 East 3rd Street, Brooklyn, nunc pro tunc as of June 20, 1952, the date of petitioner’s application for said certificate.
Petitioner alleges that she made application for said certificate of occupancy and that the same was refused by the Department of Housing and Buildings. It appears, however, that petitioner failed to appeal to the Board of Standards and Appeals from the determination made by the borough superintendent. The present application is, therefore, premature and was improperly instituted for the reason that petitioner has not exhausted her legal and appropriate remedies (New York City Charter, § 666, subd. 6; Breuel v. Rohan, 181 Misc. 635; Matter of Built By Glick v. Slatzman, N. Y. L. J., Aug. 19,1946, p. 292, col. 4, affd. 272 App. Div. 1020).
Mandamus will not issue where another remedy is available or provided by law. (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97.)
This application is denied.
Settle orders on notice.