Henry J. Latham, J.
This a certiorari proceeding ?fbi;qugh.f by objecting property owners to review and.-úh^téújlbíH'O annul the determination of the Board of Standij^Bf^ahd^'l^péals of the City of New York. This. dete^iuation granted to the intervenor, Dara Equities, £ncqpp'<p,atecl, by a vote of three to two, a variance in the app|i'e|lion of the use district regulations of the zoning resolutiopffto permit under section 7 (c) in á local retail residence use district the erection of a one- and two-story building fór' use of stores, bowling alley and open-air parking and, pursuant to section 7 (e), to use the bowling alley for a term of 20 years. Admittedly a bar and dining room will be included.
*140 The respondent board and the intervenor have moved separately to vacate the order of certiorari, dismiss the petition and confirm the determination. In addition, the intervenor moved to strike petitioners ’ reply upon the ground that section 668e-1.0 of the Administrative Code of the City of New York, pursuant to which this proceeding was instituted, does not permit such a pleading.
The court is of the opinion that there is no authority nor any necessity for a reply in a certiorari proceeding to review the determination of the Board of Standards and Appeals of the City of New York instituted pursuant to the foregoing section of the Administrative Code of the City of New York. (Matter of Davis Eng. Corp. v. Murdock, N. Y. L. J., June 11, 1946, p. 2314, col. 2 [Hammer, J.]; Matter of Seinfeld v. Murdock, 2 Misc 2d 525 [Arkwright, J.].)
In Matter of Aisloff v. Murdock (81 N. Y. S. 2d 872), Mr. Justice Fehhelly dismissed the petition in certiorari to review the respondent’s denial of petitioner’s application for a zoning variance, confirmed said determination, struck out petitioner’s reply to the respondent’s return, denied petitioner’s cross motion to annul such determination and denied his motion for reargument. Upon appeal the order was modified by striking out the first two ordering paragraphs and substituting a direction annulling the determination and remitting the matter to the board for reconsideration and as so modified the order was unanimously affirmed. The appeal from the denial of petitioner’s motion for reargument was dismissed as not appealable. (276 App. Div. 907.) An examination of the record on appeal in that case shows that the final order appealed from dated November 1, 1948, contained four ordering paragraphs. The first granted the respondent’s motion to vacate the order of certiorari, dismiss the petition and confirm the determination; the second denied the petitioner’s cross motion to sustain the certiorari order and to annul the determination; the third struck the reply of the petitioner and the fourth denied petitioner’s motion for reargument. By dismissing the appeal from the latter disposition and modifying only the first two ordering paragraphs, the Appellate Division affirmed the third ordering paragraph wherein petitioner’s reply was stricken.
The intervenor’s motion to strike the reply in this case is accordingly granted.
The subject premises totaling some 68,350 square feet, according to the petitioners, and 66,373 square feet, according to the intervenor, are entirely within a residence use district, except for a triangular interior uortion, with an area of 940 square *141 feet, which is in a local retail use district. The variance to permit the construction of a large permanent building may be justified only if the ease comes within the letter and spirit of section 7 (c) of the zoning resolution which provides:
“ § 7. use district exceptions. The Board of Standards and Appeals may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony writh their general purpose and intent as follows:
“ (c) Permit the extension of an existing or proposed building into a more restricted district under such conditions as will safeguard the character of the more restricted district; permit, where premises are devoted to a non-conforming use, a new building or structure or the extension of an existing building or use into a more restricted district or into a district restricted against the proposed use under such conditions as will safeguard the character of the district”.
It is not difficult to discern the general purpose and intent of subdivision (c). As applied to the two zones and the facts in this case, it might be stated thus: Where a proposed building is properly and normally in a local retail use district, the board may authorize an “extension” into a residence use district provided the character of the residence district is safeguarded. It is true that the proportion of the “ extension ” into the “ more restricted district ” is not set forth. Nevertheless,- it cannot be denied that the language makes clear the intent that the proposed building be in a local retail use district and that the invasion or “ extension” into a residence use district foe of a subordinate degree.
What was done by the board in this instance was just the reverse of what was authorized. Intended as a shield to preserve the “more restricted district,” here a residence use district, from too extensive an invasion, section 7 (e) in this case was used to obliterate it. The board took a tiny (less than 1%% of the entire parcel) interior leftover sliver of property, too small to be used for the erection of any useful building, fronting on no street or thoroughfare, and “ extended” its zoning classification into more than 98%% of the residence zoned property. It might be noted that the sliver of retail zoned property came into existence only because the corner parcel had been zoned local retail for a conventional depth of 100 feet and the corner lot was only 82 feet deep. It is also noteworthy that the building proposed in the variance granted herein is almost entirely within the residence use district.
*142 The court is of the opinion that the determination of the board was arbitrary and unreasonable; the board had no power to grant this variance since the character of the residence use district was not safeguarded as required by the zoning resolution and the variance was not in harmony with the general purpose and intent thereof. The erection of a building was here permitted with less than 1,000 square feet thereof in the local retail district and more than 25,000 square feet in the residence use district, where such building was prohibited. Thereby the rule of reasonableness which must be applied in determining the degree of invasion into the more restricted area has here been violated. (See Matter of Reed v. Board of Stds. and Appeals, 255 N. Y. 126, 135, 136; Matter of Magde v. Crowley, 200 Misc. 109, 111.)
Additional reasons are present to confirm the judgment of . the court. All of the entrances and exits in the proposed building would be in the residence use district. The second floor of any structure erected in a local retail use district may not be devoted to any use not permitted in a residence use district (Zoning Resolution, § 4 [e]), yet, here, almost the entire second floor is to be devoted to a use not permitted in a residence use district. The Board of Education, which operates a school across the street and a few hundred feet away, opposed the variance. This school has about 1,000 children from the kindergarten to the sixth grade. The City Planning Commission and the Board of Estimate repeatedly declined to rezone the property, the last time as recently as August 18,1960.
One other argument deserves mention. The respondents emphasize that the petitioners represent commercial interests in the neighborhood who fear competition from the proposed stores. This is undoubtedly true. The court is told that it is not its function in a proceeding of this nature to protect established commercial interests from competition. With this, the court likewise agrees. Nevertheless, the court does not feel that it is its duty to put a stamp of approval on what appears to be an illegal commercial invasion which will militate against established businesses built in conformity with the law.
In light of the court’s view of the board’s determination under section 7 (c), that under section 7 (e) likewise falls. This subdivision reads in pertinent part: “ The Board of Standards and Appeals may, in appropriate cases * * * (e) Permit, for a stated term of years, buildings and uses not in conformity with the requirements of this article and not otherwise specifically provided for in this section.” Obviously, the variance in this case permits the erection of a large permanent building and not *143 one permitted by section 7 (e) for a “ stated term of years ” designedly for some temporary nse until the surrounding area has been developed to an extent rendering it practicable to improve the property in a permanent way.
Accordingly, the respondents’ respective motions to vacate the order of certiorari, dismiss the petition and confirm the determination are denied. The petition is granted annulling the determination under review.