Saul S. Streit, J.
This is a motion for summary judgment in a declaratory action. The plaintiff seeks to declare a violation order or directive, issued by the Department of Buildings, unlawful and void and further that the orders and directives of the Commissioner of Buildings are in violation of law and directing the removal and cancellation of the violation orders and directives.
The New York City Administrative Code provides in part as follows: “§ 643a-5.0. Orders; power to issue.— The commissioner shall have power to order in writing, the remedying of any condition found to exist in, on, or about any building, or enclosure, in violation of any law, rule or regulation in respect to any of the matters under his jurisdiction.”
Section 666 of the New York City Charter, in defining the powers of the Board of Standards and Appeals of the City of New York, provides in part as follows:
“ § 666. Jurisdiction.- — • The board shall have power: * * * “6. To hear and decide appeals from and review “ (a) except as otherwise provided by law, any order, require-
ment, decision or determination of the commissioner of buildings or any borough superintendent of buildings acting under a written delegation of power from the commissioner of buildings *481 filed in accordance with the provisions of section six hundred forty-five of the charter, or,
“ (b) any order, requirement, decision or determination of the fire commissioner or any rule or regulation or amendment or repeal thereof made by the fire commissioner, under the authority conferred upon them by law, by reversing or affirming in whole or in part, or modifying the order, regulation, decision or determination appealed from, and to make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have the power of the officer from whose ruling the appeal is taken, and of any officer under whose written delegation of power such ruling was made.” (Subd. 6 as amd. by Local Laws, 1955, No. 112 of City of New York, § 11, Dec. 8, 1955.)
The decisions of the board may be reviewed by certiorari to the Supreme Court by “any person or persons jointly or severally aggrieved ” (Administrative Code, § 668e-1.0).
In People ex rel. Broadway & 96th St. Realty Co. v. Walsh, (203 App. Div. 468) the court (per Dowling, J.) said (p. 474): “ The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done.”
The court then held that petitioner’s failure to exhaust its remedy by appeal to the Board of Appeals prevented it from applying to the court for relief by way of mandamus to compel the Superintendent of Buildings to revoke a permit.
The same conclusion was reached in Matter of Towers Management Corp. v. Thatcher (271 N. Y. 94) which cited and quoted with approval from the Walsh case (supra).
As stated in the dissenting opinion in Lesron Junior, Inc. v. Feinberg (13 A D 2d 90, 97-99):
‘ ‘ Unquestionably, the Legislature has vested in the Board of Standards and Appeals the exclusive power to determine from an expert viewpoint the manifold questions involved in the construction and alteration of buildings in New York City and in the enforcement of the Zoning Resolution. Sufficient safeguards are provided for appropriate review procedure by the *482 courts in a certiorari proceeding to afford judicial protection against any illegal or arbitrary action on the part of the board. At the same time, the board can from an expert viewpoint grant a variance where a practical difficulty or unnecessary hardship results from carrying out the strict letter of the law.
‘ ‘ In effect, what plaintiffs are attempting to accomplish in this suit is to substitute the court for the Board of Standards and Appeals as the tribunal to hear and determine issues which the Charter declared to be within the exclusive jurisdiction of the board in the first instance.
* * *
“ The doctrine announced in People ex rel. Broadway & 96th St. Realty Co. v. Walsh (203 App. Div. 468, supra) as to the necessity for exhaustion of administrative remedies before applying to the courts for relief, is firmly rooted in our jurisprudence. Particularly when the issue tendered is one within the specialization of a body such as the Board of Standards and Appeals, and when the remedy afforded by such a board can provide relief in the same measure as a court, will the courts require exhaustion of the administrative remedy. (See 3 Davis, Administrative Law, § 20.01 el seq.; Metzenbaum, Law of Zoning [2d ed.], ch. IX-e; Ann. 136 A. L. R. 1378-1398.) ”
In People v. Namro Holding Corp. (10 A D 2d 702, affd. without opinion 8 N Y 2d 1131), the court recognized that the plaintiff must first exhaust its administrative remedies by an appeal to the Board of Standards and Appeals before resorting to the court.
There seems to be a question as to whether the plaintiff is able to appear before the Board of Standards and Appeals in order to obtain an administrative remedy. The affidavit of the Borough Superintendent states that the plaintiff can always obtain a new order or decision which will enable it to comply with the board’s general rule with respect to taking an appeal from an administrative order. Such a new order or decision is to be furnished to the plaintiff upon request.
Since the plaintiff did not pursue the remedy afforded to it, the motion for summary judgment is denied, and summary judgment is granted to defendants (Rules Civ. Prac., rule 113, subd. 2).