Oweh McGrvERisr, J.
This is a mandamus type article 78 proceeding. The petitioners Walker, a member of the Bar, and a realty corporation, claim that they have substantially complied with all applicable provisions of law in connection with an alteration of a building. They seek to direct the respondents to recognize the validity of the existing Certificate of Occupancy covering the premises or to direct them to issue a new Certificate of Occupancy.
*916 Petitioners allege that they have been subject to an unusual number of inspections by employees of the Building Department, which the individual petitioner intimates resulted from her refusal to make illegal payments; that respondents have thrown technical roadblocks in petitioners’ efforts to obtain a Certificate of Occupancy.
The respondents defend their refusal to issue such a certificate solely upon the grounds that the petitioners have failed to have the building conform to the plans filed, complete the work, and remove other violations found to exist in the building.
Subdivision b of section 645 of the New York City Charter imposes exclusive power upon the Commissioner of Buildings, which shall not be subject to review except by the Board of Standards and Appeals, to issue certificates of occupancy for any building or structure in the City of New York.
Section 666 confers upon the Board of Standards and Appeals the reviewing power of any order, requirement, decision or determination of the Commissioner of Buildings or any borough superintendent.
The general rule is that mandamus will not lie where another remedy is available or provided by law (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97; People ex rel. Broadway & Ninety-Sixth St. Realty Co. v. Walsh, 203 App. Div. 468; Matter of Kesbec, Inc. v. Reville, 246 App. Div. 694; Matter of Scarsdale-Harney Corp. v. Briante, 11 A D 2d 777).
The opinion in the Walsh case (p. 474) expresses clearly the point of the decisions: “ The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done.”
Petitioners contend that the path to the Board of Standards and Appeals has been blocked because of a failure of respondents to render a decision or determination. The court will direct that the respondents furnish to the petitioners a decision, order, or determination which can be the subject of an appeal to the Board of Standards and Appeals. Accordingly, except as specifically directed herein, the application is denied.