In the Matter of ABRAHAM HIRSCHFELD et al., Respondents, *v.* THOMAS V. BURKE, as Borough Superintendent of the Department of Housing and Buildings of the City of New York, Appellant.

First Department, December 17, 1963.

*Rose Schneph* of counsel (*Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*Emanuel Thebner* of counsel (*Lawrence Peirez* with him on the brief), for respondents.

*Per Curiam.* Petitioners are the owners of the property located at 166–172 West 58th Street. They desire to build a garage on the premises. In 1961 petitioners sought a variance of the zoning regulations which, after court action, resulted in a denial (*Matter of Hirschfeld* v. *Foley,* 19 A D 2d 128). In January, 1963, petitioners made an application to the Department of Buildings to erect an accessory garage on the land. The garage was to be an accessory to the Park Savoy Hotel, located at 158 West 58th Street. The department objected to the application on the ground that there was no proof of common ownership. On June 14, 1963, petitioners submitted proof of a lease of the hotel premises for a 50-year period, but the same was subject to a sublease which does not expire until the end of 1968. On June 20, 1963, appellant issued a permit for the accessory garage.

Immediately, requests were received from neighborhood property owners that the permit be revoked. Appellant and the Commissioner of Buildings undertook a review of the permit and, after further consideration, revoked it on July 12, 1963. The petition, pursuant to article 78 of the Civil Practice Act seeks a review of appellant's action in revoking the permit, to the end that the revocation be annulled as illegal, arbitrary and capricious. Appellant moved to dismiss the petition. Special Term granted the petition and annulled the revocation.

In so deciding, Special Term first determined that appellant's sole ground for revocation was the failure to state in the application the number of cars to be accommodated in the garage, and that, as there was no requirement for giving this information, the revocation was arbitrary and capricious. Special Term further held that there was no necessity for petitioners to exhaust their administrative remedies before applying for judicial relief.

On both propositions we disagree. The questions are interrelated. The court below concluded that the Board of Standards

and Appeals, to which body an appeal would concededly lie, would have nothing to decide. This conclusion is largely based on the fact that appellant's answer to the petition contains no denials. The answer is somewhat inartistically drawn and the issues are raised by way of affirmative defense. On the very issue to which the court called attention, a serious disagreement of fact is presented. That issue is not whether the application requires a statement of the number of cars to be accommodated in the garage but whether the number that can be parked there exceeds the number allowable for an auxiliary use. While the maximum number of cars and the number of square feet per car required are conceded, the number of square feet available under the filed plans is a subject of contention and would be one for the Board of Standards and Appeals to resolve.

But this is not the only question raised. Upon a review of the facts appellant determined that this was not a true accessory use. A grave question exists whether the so-called hotel is in fact a hotel or a rooming house. If the latter, and if it does not cater to transients, whether the contemplated garage would in fact be an accessory to it would depend in some measure on the number of cars that the roomers owned and would garage there. This is obvious from the definition of an accessory use in the zoning regulations: " An accessory use   *   *   *   (b) is a *use* which is clearly incidental to, and customarily found in connection with, such principal *use* " (Zoning Resolution of City of N. Y., art. I, ch. 2, § 12-10). Also there is presented the question whether the facts in regard to the lease show a common ownership or merely a colorable claim in that respect. These are all questions which the Board of Standards and Appeals could in the first instance determine. Not only is it especially fitted so to do (*Matter of Towers Mgt. Corp.* v. *Thatcher*, 271 N. Y. 94) but its review is an essential prerequisite to judicial action (*Matter of Scarsdale-Harney Corp.* v. *Briante*, 11 A D 2d 777).

The orders should be reversed, with one bill of costs. Appellant's motion to dismiss the petition should be granted.

BREITEL, J. P., RABIN, VALENTE and STEUER, JJ., concur.

Order, entered on July 26, 1963, unanimously reversed, on the law, with $20 costs and disbursements to appellant. Appellant's motion to dismiss the petition is granted.