Bertram Harnett, J.
The Nassau County 'Sheriff’s Office Benevolent Association (“Association”) believes that the Sheriff’s office employees at both the Nassau County Jail and the Family Court constitute an appropriate negotiating unit for purposes of collective negotiations under the Public Employees’ Fair Employment Law (Civil 'Service Law, art. 14), popularly called the “'Taylor Law”. In this belief, it filed a petition with the Nassau County Public Employment Relations Board (PERB) for certification by PERB as the exclusive negotiating representative of those employees.
After a hearing, Edwin E. Regnell, Jr., a member of PERB, submitted a report on August 7, 1968, recommending that the unit sought was not appropriate and that the petition should be denied. On September 4, 1968, PERB found the contended unit was not appropriate and denied the petition for certification. PERB policy in Nassau County has been to have separate negotiating units for the Nassau County Police, for Community College personnel, both subject to some qualification, and one single over-all unit for the balance of county employees. Its decision in this matter was a reaffirmance of this policy and a finding that the single over-all unit of county employees best served the instance of the Sheriff’s office employees.
PERB also asserts in its answer in this proceeding that the Association had failed to exhaust its administrative remedies, since it had not asked for a rehearing of its petition.
The Association, on the other hand, claims it has no duty to ask for a rehearing of its petition, as it had no new evidence to present to PERB, and, that its recourse to the court is timely. On the merits, it contends that PERB exercised its discretion in an arbitrary, unreasonable and inconsistent manner by keeping the ‘Sheriff’s office employees grouped together with the single over-all unit of county employees generally, and not allowing them to be in a separate negotiating unit as it did for the *59 Policemens Benevolent Association. It argues that it too is a law enforcement agency with unique and particular conditions and duties. It also objects to the failure of PERB to recite specifically the evidence or testimony upon which its decision was based, the board having stated that its decision was based on the entire record.
The Civil Service Employees Association (CiSEA), presently representing the Sheriff’s office employees, intervened and opposed the petition, stating there was a sufficient community of interest between the Sheriff’s office and county employees generally to make their single over-all representation most desirable.
The contention of PERB that the petitioner had failed to exhaust its administrative remedies is incorrect. Subdivision (b) of rule 202.7 of the Rules of Procedure of the New York State Public Employment Relations Board (4 NYCRR 202.7[b]) and rule VIII, B, 2, of PERB provide that: “ (b) Upon receipt of the case, the board shall proceed either forthwith upon the record or, if it so determines, after oral argument, the submission of briefs, or further hearings, to decide the issues and make such disposition of the matter as it deems appropriate.”
The decision whether to proceed forthwith or to hold further hearings or argument rests exclusively with the board. It proceeded forthwith. At this point, petitioner had exhausted its administrative remedies and had standing to bring this article 78 proceeding. (CPLR 7801; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7801.06, 7801.09; Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94; Matter of Thurman v. Snowden, 28 A D 2d 705.)
In this proceeding, the function of the court is not to determine of its own discretion the most likely negotiating unit, but is rather restricted to a determination of whether the decision of PERB is supported by substantial evidence. This test was set forth in Matter of Stork Rest. v. Boland (282 N. Y. 256), upholding a determination by the New York Labor Relations Board of unfair labor practices. The court said “ where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the Board.” (282 N. Y. 256, 267.) This was quoted with approval in Matter of Morton (284 N. Y. 167), where a decision of the ¡State Industrial Commissioner was upheld.
The same test is applicable here. (Cf. Matter of Electrolux Corp., 288 N. Y. 440; Matter of Holland v. Edwards, 307 N. Y. *60 38; Matter of State Comm. For Human Rights v. Lawrence Gardens, 28 A D 2d 1139; Cf. Matter of Tessier v. Union Free School Dist. No. 5,19 N Y 2d 680; all dealing .with administrative determinations.)
The criterion for determining representative status is found in part in subdivision 1 of section 207 of the Civil Service Law, which states that the board shall:
‘ ‘ 1. define the appropriate employer-employee negotiating unit taking into account the following standards:
11 (a) the definition of the unit shall correspond to a community of interest among the employees to be included in the unit;
“ (b) the officials of government at the level of the unit shall have the power to agree, or to make effective recommendations to other administrative authority or the legislative body with respect to, the terms and conditions of employment upon which the employees desire to negotiate; and
“ (c) the unit shall be compatible with joint responsibilities of the public employer and public employees to serve the public. ’ ’
The Association contends that there was no showing of a community of interest between the Sheriff’s office employees and the other members of the county-wide unit. The board, however, found that there was a community of interest between the employees of the Sheriff’s office, whom the Association sought to represent, and the single over-all unit of Nassau County employees. This included similar hours, working conditions, and the use of a county-wide grievance procedure. The community of interest was also reflected in the fact that all employees in the county-wide unit are covered by similar health plan, retirement plan and number of personal leave days. In like manner, the questions of salary and retirement benefits must be approved by the 'County Executive and the Board of Supervisors. The ¡Sheriff can make recommendations on these matters, but cannot put them into effect.
PE'BB took testimony that OSEA, the certified negotiating representative of the county-wide unit, had organized separate units within the chapter for more efficient handling of the problems that would arise in a given unit, and that the unit recently established in the Sheriff’s Department was similar to those in the Probation Department, Health Department, and the Department of ¡Social ¡Services. The record also reflects meetings over a period of time between county and CSEA officials in regard to the problems of the employee in the ¡Sheriff’s office, *61 and, that the greater part of these employees were members of the OSEA and availed themselves of its insurance program.
Upon this record, it is clear that there is substantial evidence to support PEBB’s finding that the negotiating unit sought by the Association was “ not appropriate ”. This court will not disturb that finding (Matter of Stork Rest. v. Boland, supra; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.09 [supp.] ; Matter of Walker v. Murphy, 15 N Y 2d 650; Matter of Intino v. Hostetter, 29 A D 2d 625). Accordingly, the application is, in all respects, denied.