In the Matter of 109 BEACH 29TH STREET CORPORATION, Petitioner, against HARRY M. ARCHER, as Deputy Fire Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, Queens County, August 13, 1946.

*John J. Bennett, Corporation Counsel (Silas S. Lippman* of counsel), for respondent.

*Hein & Brodie* for petitioner.

FROESSEL, J. In this proceeding by the lessee of certain premises situated in Far Rockaway, New York, an order is sought commanding the Deputy Fire Commissioner of the City of New York " forthwith to rescind " certain orders and " violations placed against said premises   \*  \*  \*   or why an alternative order should not be granted directed to the defendant, commanding him to do and perform said acts or show cause why the command of said order should not be obeyed,  \*  \*  \*.''

The premises in question are operated only in the summertime and allegedly as a rooming house, for which the petitioner claims a certificate of occupancy was issued by the Building Department in the year 1938. On June 14, 1946, an order was made by the Deputy Fire Commissioner which was duly served, and which directs (1) the installation of an adequate interior fire alarm system in accordance with the rules of the Board of Standards and Appeals; (2) the compliance with one of the following alternatives: (a) to provide a watchman and install an approved system of time detectors to record his movements, or (b) to provide an approved automatic thermostatic fire alarm system to cover all portions of the premises, and (3) that petitioner provide telegraphic communication with Fire Department Headquarters as provided by the Administrative Code, or a telephone of the noncoin type with a card of instructions at or near the same showing the location of the nearest fire alarm box, engine or truck company and telephone number of Fire Department Headquarters. On the same day, another order was made and served, directing the installation of an approved wet automatic sprinkler system throughout the building having at least one source of water supply.

The petitioner contends here that the foregoing " orders and violations were and still are *without justification of law or legal authority* and that the '' Deputy Fire Commissioner " had *no power* to issue '' said orders to " to place the violations in question on the premises.'' (Italics mine.)

The respondent does not argue the merits of this application. Without filing an answer (Civ. Prac. Act, § 1291), he raises, by affidavit of an Assistant Corporation Counsel submitted on the return day, the point of law that this court has no jurisdiction to grant the relief sought by the petitioner at this time, since resort must first be had to the Board of Standards and Appeals to review respondent's actions, as required by subdivision 6 of section 666 and subdivision a of section 668 of the New York City Charter, and that accordingly the petition should be dismissed as a matter of law (Civ. Prac. Act, § 1293), citing, among other cases, *Matter of Towers Management Corp.* v. *Thatcher* (271 N. Y. 94).

While it is true that resort to the Board of Standards and Appeals to review an order of the Fire Commissioner is ordinarily the remedy of an aggrieved party in the first instance, it does not necessarily follow that this is his exclusive first remedy in every case, such as where a statute is unconstitutional, or where there is no statute at all, or where the statute by its own terms does not apply in a given case. (*Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234, 239; *Matter of Lyons* v. *Prince,* 281 N. Y. 557; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198, 206; *Matter of Baerenklau* v. *Thatcher,* 269 N. Y. 494.) Even in *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh* (203 App. Div. 468, 474), cited with approval in the *Towers* case (*supra*), the court was careful to point out " The findings of fact set forth certain physical conditions as existing, but there is no conclusion of law that they violate any statute, ordinance, rule or regulation * * *." In *Matter of Lyons* v. *Prince* (*supra*) the court said, at pages 564–565: " We do hold, however, that where a man is using for a lawful purpose, with the approval of the State, a building which has been constructed and is maintained in accordance with rules and standards formulated directly or through delegated authority by the Legislature, the Legislature may not delegate to an administrative officer power to decide whether higher standards and additional requirements should be exacted for the protection of the public health and safety. That is true even where higher standards and additional requirements might reasonably be exacted and even where the Legislature has been remiss in failing to exact them."

Here the petitioner claims that the respondent acted " without justification of law or legal authority ", and its petition proceeds to set forth allegations of both fact and law, which it

claims support its view. The respondent, in moving for an order dismissing the petition as a matter of law, admits the allegations of the petition and concedes the truth of the facts asserted therein. (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182.) The respondent is thus in the anomalous position of claiming on the one hand that resort to the Board of Standards and Appeals is petitioner's sole first remedy, and yet on the other hand conceding that the acts complained of are " without justification of law or legal authority ". Manifestly this was not his intention.

Under these circumstances, and without an adequate record before me, this application, which is said to be a test case, may not be disposed of summarily. Upon the joinder of issue the respondent may raise both questions of fact and law, and in the light of the pleadings the court at Special Term will then be in a position properly to dispose of this application.

Accordingly the respondent's preliminary objection will be overruled, with leave to answer within ten days after service of a copy of the order to be entered hereon (Civ. Prac. Act, § 1293), after which petitioner will be entitled to restore this application to the calendar of Special Term upon five days' notice to the respondent.

Settle order on notice.