THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* 70 REALTY CORPORATION, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, Municipal Term Court, March 29, 1948.

*John P. McGrath, Corporation Counsel (Morris W. Weiner and James J. Chambers* of counsel), for plaintiff.

*I. Nathanson* for defendant.

CANUDO, M.   Number 70 Park Avenue, in the borough of Manhattan, is a fifteen-story brick apartment hotel containing ninety-seven one- and two-room residential units and a restaurant.   Of the ninety-seven units, seventy-three are rented on a yearly or monthly basis and the remaining twenty-four are rented by the day or week.

On November 18, 1947, the Department of Housing and Buildings reclassified this structure from Class " B " hotel to Class " A " multiple dwelling.   On December 31, 1947, the fire commissioner, by written notice duly served upon the defendant corporation — which owns and operates these premises — directed the installation of an interior fire alarm system and the provision of a watchman time detector system, as described in section 487e–2.0 of the Administrative Code.

This is a proceeding brought under subdivision d of section 487e–2.0 of the Administrative Code, for the prosecution of the defendant for its failure to comply with the fire commissioner's direction.

The section of the Code involved in this proceeding specifically authorizes the fire commissioner to order the installations in question, within his discretion, in hotels and certain other types of structures listed in the statute.   The defendant admits that no effort has been made to comply with this direction, but contends that there is no obligation on its part to do so, inasmuch as 70 Park Avenue is not a *hotel* within the contemplation of the Administrative Code.

The defendant has mistaken its remedy. This court has no jurisdiction to review the facts for the purpose of determining whether the commissioner's order, which represents the exercised discretion of that official, is reasonable or necessary. Specific provision is made for the review of such an order by the Board of Standards and Appeals. Subdivision 6 of section 666 of the New York City Charter vests in that agency the power: " To hear and decide appeals from and review any order, requirement, decision or determination of any borough superintendent of buildings or of the fire commissioner or any rule or regulation or amendment or repeal thereof made by the fire commissioner, under the authority conferred upon them by law, by reversing or affirming in whole or in part, or modifying the order, requirement or determination appealed from, and to make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have the power of the officer from whose ruling the appeal is taken."

The only question which this court can consider, then, is whether the defendant did in fact comply with the fire commissioner's direction. Inasmuch as there was no such compliance, I must find the defendant guilty as charged.

The Board of Standards and Appeals is a body composed of three commissioners appointed by the mayor and an officer of the uniformed force of the fire department above the grade of battalion chief designated by the fire commissioner. Of the appointed members one must have had at least fifteen years' experience as an architect and one must have had at least fifteen years' experience as a structural engineer. The chairman must be one of those who shall have had the required experience as architect or engineer. The reasons underlying the provision of such an avenue of appeal were clearly set forth in the opinion of the Appellate Division in *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh* (203 App. Div. 468, 474 [1922], motion for leave to appeal denied 204 App. Div. 868) wherein it discussed " the necessity and advisability of having the final judgment of a board of experts on the conditions which actually exist in a building under consideration and the practical effect thereof."

The court further pointed out in that case that to compel a court to pass upon technical questions similar to those here involved would require the court " either to actually visit the premises, or to study the building plans in connection with the findings, and in any event to determine the bearing of the facts

found upon the provisions of law applicable to the structure."

" The board of appeals [predecessor of the present board of standards and appeals] " said the court, " would not only have power to determine from an expert viewpoint whether the building complied with the requirements of law, but if minor and unimportant defects existed, could order them immediately remedied."

Resort to the Board of Standards and Appeals is the customary remedy of an aggrieved party who wishes to appeal from an order of the fire commissioner. Following such a determination the defendant may have the board's decision reviewed by the Supreme Court, or a Special Term thereof. True, there are certain cases where even though there is machinery for review of an administrative act recourse may be had in the first instance by petition to the courts. Such a petition would be allowable where a statute is unconstitutional, or where there is no statute at all, or where a statute by its own terms does not apply to a given case. (*Matter of 109 Beach 29th St. Corp.* v. *Archer*, 188 Misc. 769 [1946].) Such was the case, for example, in *Dun and Bradstreet, Inc.*, v. *City of New York* (276 N.Y. 198 [1937].) Under a local law intended to impose a tax on income from the services rendered by certain public utilities to their customers, the comptroller issued regulations taxing the proceeds from confidential financial information furnished by the appellant to its subscribers. The Court of Appeals there held that while it is undoubtedly the general rule that in cases where taxing officers have jurisdiction, their acts are not void for mere error and cannot be collaterally attacked, but can only be reviewed in the manner provided by statute, " it is equally well settled that if they act entirely without jurisdiction in making an assessment their act may be enjoined by a court of equity."

" The undisputed facts in this case," said the court in its opinion, " make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented. It would be difficult to imagine a case where that remedy would be more applicable." (P. 206.)

Similar language was used by the court in *Matter of Lyons* v. *Prince* (281 N.Y. 557 [1939], and in *Richfield Oil Corporation* v. *City of Syracuse* (287 N.Y. 234 [1942]).

In the case now before this court, however, there is no such denial of the defendant's basic rights or such statutory insufficiency as to alter the remedy which the defendant must undertake in order to obtain a review of the fire commissioner's order. The defendant cites subdivisions 8 and 9 of section 4 and section 12 of the Multiple Dwelling Law in support of its contention that the structure in question is not a " hotel " within the contemplation of the Administrative Code. The People with equal vigor cite definitions set forth in subdivision 14 of section 3 of article 1 of the Alcoholic Beverage Control Law, and section 181 of article 8 of the Lien Law. Both sides present court decisions defining the term. But no valid reason is presented to justify taking the matter outside the jurisdiction of the Board of Standards and Appeals.

In *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh* (203 App. Div. 468, 474, *supra*) a taxpayer who sought the aid of the courts to bring about the revocation of a permit issued by the Superintendent of Buildings was denied such relief, the court stating: " The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done.''

In *Matter of Towers Management Corporation* v. *Thatcher* (271 N. Y. 94 [1936]), a hotel owner who applied directly to the commissioner of housing and buildings for a permit to erect a large neon illuminating sign was in like manner referred to the Board of Standards and Appeals to exhaust its remedy there before seeking relief in court. In *People* v. *Ludwig* (262 App. Div. 912 [1941]), where a defendant appealed from a judgment of a City Magistrate holding a Court of Special Sessions convicting him of a violation of sections 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York, the Appellate Division stated: " The question of the illegality of the order revoking the defendant's permit may not be reviewed in a prosecution for failure to comply with an administrative order. (*City of New York* v. *Wineburgh Advertising Co.*, 122 App. Div. 748; *City of New York* v. *Wineburgh*

*Advertising Co.*, 124 id. 641.) The proper forum to test that question is provided for in section 666, subdivision 6, of the New York City Charter, effective January 1, 1938.''

In *Sacer Realty Corporation* v. *Archer* (68 N. Y. S. 2d 277 [1946]), a proceeding brought by the owner of a summer boarding house to compel the fire commissioner to rescind orders similar to those issued against the 70 Realty Corporation in the case now under consideration, the court dismissed the petition as a matter of law, citing the *Towers* case (*supra*), and directed the petitioner's attention to the relief afforded him under the City Charter by appeal to the Board of Standards and Appeals. And in *Lerner* v. *Archer* (68 N. Y. S. 2d 280 [1946]) where an order was sought directing the fire commissioner to rescind his ruling requiring the installation of an automatic sprinkler system in a summer rooming house, it was likewise held that there was authority in the fire commissioner to require an automatic sprinkler system to be installed, and that if the petitioner felt aggrieved she should seek relief by way of appeal to the Board of Standards and Appeals.

The wisdom of the statutory requirement for review by an experienced tribunal, specially trained and technically qualified to pass upon construction and fire-prevention problems, is quite obvious. Having failed to exhaust its statutory remedy, the defendant 70 Realty Corporation may not now evade its responsibility by presuming to exercise powers which are exclusively within the province of the Board of Standards and Appeals or by placing the responsibility for those functions in this court.