Walter R. Hart, J.
Petitioner landlord in this article 78 proceeding moves for an order granting a review of the order issued February 23,1962 entered on a protest and for a further order reinstating retroactively to February 23, 1962 the rent increases granted by the local rent office on August 22, 1961. Respondents cross-move to dismiss the petition for insufficiency.
There is no dispute as to the facts. On September 21, 1960 petitioner filed an application for an increase with the Local *72 Bent Administrator pursuant to subdivision 5 of section 33-of-the State Rent and Eviction Regulations. In doing’ so the base value of the property- in accordance with - the rent- laws-'then operative was the equalized assessed valuation of 1954 which; under that formula was $388,297.87. The accounting department of respondents in computing the return authorized .by statute on that basis determined on May 17, 1961 that petitioner was entitled to an increase in rentals of 19.41%. On August 22, 1961 the local rent office issued orders increasing the rents by 15% for one year and an additional 3% for the succeeding year. This was the maximum allowable under the statute and regulations. Protests to the orders were filed by petitioner since they Avere not made retroactive pursuant to section 32 of the regula-: tions (which had been superseded by the amendment to - subdivision 6 of section 4 of the Emergency Housing Rent Luav;. L. 1946, ch. 274, as amd. by chapter 337 of the Laws of 1961,. off. June 30, 1961). Protests were also filed by the tenants but: the nature thereof is not before the court.
During the 1961 session of the Legislature the rent control statute was amended so as to provide that in determining, the. base value on which a 6% return was to be alloAved the equalized assessed value “for the most recent year” was to be used. This ucav valuation in most cases including the instant one was higher than the 1954 valuation but Avhich in any event Avould not have permitted an increase in excess of 15% for the first year and 3% for the second year. By chapter 21 of the Laws of 1962 the Legislature rescinded and nullified all rent increases ordered by the commission on and after June 30, 1961 which resulted in maximum rents solely by reason of amendments .made by chapter 337 of the LaAvs of 1961, to section 4 (subd. 4, par. [a]) of the act which provided for the application of the most recent equalization rate rather than the equalization rate for the year 1954. It is apparent from the foregoing that it was not intended by the Legislature to disturb rent increases which Avere authorized in those instances where the 1954 valuation formula had been used. Nevertheless, respondent by an order made on February 23, 1962 instead of determining the protests filed remanded the protest proceeding to the Local Rent Administrator ‘ ‘ for appropriate action pursuant to the amended law.” This despite the fact that there was no need for further “ appropriate ” action pursuant to the amended laAV in this case. The local rent office on March 6,1962 transmitted ‘1 advisory ’ ’ notices to the tenants informing them that the maximum rents were those in existence on October 22, 1961 though the local rent office did not issue *73 orders to that effect which could be the subject of a protest to the State Administrator. The advisory notices are in the following form:
“Effective February 17, 1962 the amendment of the State Emergency Housing Bent Control Law rescinds and nullifies rent adjustment ordered pursuant to Section 33(5) of the Begulations where the valuation of the property was computed by applying the most recent equalization rate to the assessed valuation of the property, rather than the 1954 equalization rate. * * * This advice indicates that the records of the Bent Commission reflect such change in the maximum rent as follows:
“1. Maximum rent on June 29, 1961 or on the date immediately prior to the date of issuance of the rescinded order”.
The purported justification by respondent for its action is set forth in a letter from the respondent dated March 1,1962 which reads as follows:
“ Pursuant to your telephone call the Commission has reviewed the order and opinion dated February 23, 1962 which remanded this proceeding to the Local Bent Office. After such review, the Commission is of the opinion that the remand order was properly issued.
‘ ‘ The Administrator has considered your contention that the orders increasing the maximum rents were based upon the 1954 equalization rates rather than the current equalization rates. It is true that the audit and computation in the Accounting Section was based upon the 1954 equalization rates, and that upon this computation the landlord was found to be entitled to an increase of 19 per cent. However, orders increasing the maximum rents were not issued until August 22, 1961 and as of June 30, 1961 both the State Act and the Begulations had been amended. The only basis upon which orders of rent increases pursuant to Section 33(5) could thereafter be issued was upon the current equalization' rates. The orders which were issued were therefore based upon these current equalization rates although no changes were made in the accounting computations, since it was clear that the landlord was entitled to even greater adjustments than the computed ones upon the basis of the higher current equalization rates.
“ It is for this reason that the order and opinion remanding the proceeding was issued since, as stated in the order, the amendments to the Act rescinded and nullified rent increases ordered by the Commission on and after June 30, 1961 based upon the application of the current equalization rates.
*74 “ You may consider this an amplification of the protest order and opinion. ....
‘ ‘ I trust this letter is responsive to the questions you have raised.”
The complete lack of merit of respondents’ position is evident since concededly the increases in the first instance were allowed on the 1954 valuation.
The basis for the cross motion to dismiss is predicated solely on the contentions that there is no final order which is the subject of judicial review; that petitioner has not exhausted its administrative remedies and therefore may not be heard to complain. While these contentions are embraced in the general rule, mandamus will lie where the right to relief is as patent as in this case. As was stated in Matter of City Tit. Ins. Co. v. Orgel (205 Misc. 1076, 1078):
‘ ‘ Respondent correctly contends that the general rule is that a petitioning party must follow the administrative procedure established under the applicable statute before seeking redress in the courts. This rule, however, is not of universal application. A mandamus order may be granted as a matter of discretion when the right to relief is clear.
‘1 The exception to the general rule was established in the case of Kovarsky v. Brooklyn Union Gas Co. (279 N. Y. 304), where a gas consumer was permitted to maintain an action to restrain the gas company from making an alleged illegal service charge claimed to be a violation of the Public Service Law, without first proceeding before the Public Service Commission, with review by certiorari. Among other things, the court said (p. 311), ‘ Those cases, which involved an application for an order of mandamus, do not hold that certiorari is the exclusive remedy ’; and (p. 312) ‘ where only questions of law are involved direct application for relief may be made to the court ’.” (See, also, Matter of 109 Beach 29th St. Corp. v. Archer, 188 Misc. 769, 771; People v. 70 Realty Corp., 192 Misc. 122, 125; Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573; Brown v. New York State Tax Comm., 199 Misc. 349, 355, affd. 279 App. Div. 837, affd. 304 N. Y. 651; Matter of Ageloff v. Young, 282 App. Div. 707.)
The contention that there is no final order here must be examined in the light of the definition of “ final order ” made by the respondent in subdivision 13 of section 2 of the regulations which reads as follows: “ 13. ‘ Final Order. ’ An order shall be deemed to be final on the date of its issuance by the Local Rent Administrator unless a protest is filed against such order as provided in Section 92 of these Regulations. Where a *75 protest is filed, it shall be deemed to be final on the date of issuance of an order by the Administrator either denying or granting the protest, in whole or in part. Notwithstanding the filing of a protest by either the landlord or the tenant an order adjusting, fixing or establishing a maximum rent shall continue to remain in effect until further order of the Administrator.” (Emphasis supplied.) Here, as will be developed more fully (infra), the respondent avoided the duty imposed upon it of determining the protest within the time limited by law by an illusory order remanding the matter to the local rent office “ for appropriate action ” when none was required. Instead of permitting the increases to remain ‘ ‘ until further order ’ ’ of the Administrator as mandated by subdivision 13 of section 2 of its regulations, the Local Rent Administrator transmitted “ advisory ’ ’ notices which rescinded them. This has rendered nugatory in effect and nullified the increases authorized by the orders of August 22, 1961 which neither the respondents nor the local rent office was authorized to do by the 1962 statute. The rent laws amended by the 1962 statute authorized mullification of such increases which resulted solely from the use of the 1961 equalized assessed valuation as basis for rent increases. To state that the advisory notices of the local rent office are not final orders is to sacrifice substance to form. The court is cognizant of the fact that extensive periods of time will elapse before the local rent office issues an order and is also aware of the subsequent delay attendant upon the disposition of protests therefrom. These delays will be necessarily aggravated by the transition from State to city control. In the interim the petitioner will lose the increases which the local rent office determined on August 22, 1961 it was entitled to. This circumstance is compounded by the facts that (1) no new increases may be ordered before May 1, 1962 and (2) the law does not permit the collection of increases retroactively.
There is one other facet of the matter which constrains the court to conclude that there is no merit to respondents’ position. By subdivision 4 of section 8 of the Emergency Housing Rent Control Law (L. 1961, ch. 337) it is provided: “ Any protest filed under this section shall be granted or denied by the commission, or granted in part and the remainder of it denied, within a reasonable time after it is ■ filed. If the commission does not act finally within a period of ninety days after the protest is filed, or within such extended period as may be fixed by the commission with the consent of the party filing the protest, the protest shall be deemed to be denied.” (Emphasis supplied.) This has been interpreted to mean precisely what it *76 says, namely, that the protest must he granted or denied within: a reasonable time and that if the commission does not act finally-within 90 days or within the extended period fixed with consent', of the protesting party the protest is deemed denied (Fox v. McGoldrick, 109 N. Y. S. 2d 333). By a resort to the device of remanding an illusory issue for further action by the local rent office when there is concededly no further action necessary or in contemplation, respondent is attempting to circumvent the clear mandate of the statute and its proviso that if the respondent “ does not act finally ” within the time limited the protest is to be deemed denied. Respondent may not now be heard to urge that the order of remand is not final and therefore not sub- ■ ject to judicial review and on the other hand contend that, he has finally acted as directed by section 8. By its remand to the local rent office respondents could not extend its time and the protests are perforce of the statute deemed denied.
Accordingly the cross motion to dismiss the petition for insufficiency is denied. Respondents are directed to serve their answer, to the petition within 10 days after the entry of the order. Petitioner pursuant to section 1293 of the Civil Practice Act may restore the matter to the calendar of Special Term Part. I on two days’ notice for a hearing on the merits.