■ HAROLD L. GOERLICH et al., Appellants, v. MABEL F. JAFFA, Respondent. — In an action to declare a mortgage void on the ground of usury, in which the defendant asserted a counterclaim for the foreclosure of the mortgage, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated August 27, 1962, as imposed certain conditions upon the granting of their motion to open their default and to vacate a default judgment entered on defendant's motion for summary judgment of foreclosure. Order, insofar as appealed from, affirmed, without costs. No opinion. Plaintiffs' time to comply with any condition or term of the order as to which a time limitation was specified therein, is extended until 40 days after entry of the order hereon. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ EDWIN J. HOFFRITZ, Respondent, v. TOWN OF ISLIP, Appellant, et al., Defendants.— In an action under article 15 of the Real Property Law, by the owner of certain real property situated in Bay Shore, in the defendant Town of Islip: (a) to compel the determination of claims to such property arising out of the town's acceptance of a purported dedication offer of the property for highway purposes; and (b) for related injunctive and other relief, said town appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated October 19, 1960, as denied its motion for summary judgment dismissing the complaint (Rules Civ. Prac., rule 113). It appears from the record that said order of October 19, 1960 was resettled by an order made on April 11, 1962. Pursuant to the authority conferred by statute (Civ. Prac. Act, § 562-a), the latter order has also been reviewed by this court. Order of October 19, 1960, insofar as appealed from, affirmed, with $10 costs and disbursements. Order of April 11, 1962, insofar as it denied the defendant town's motion for summary judgment, affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of FEINBART REALTY CORP., Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant.— In a proceeding by a landlord of residential property, pursuant to article 78 of the Civil Practice Act: (a) to annul a determination of the appellant rent authorities, dated February 23, 1962, which cancelled maximum rent increases theretofore ordered by a Local Rent Administrator; and (b) to compel such increases to be reinstated retroactively to that date, the State Rent Administrator appeals from the following two orders of the Supreme Court, Kings County: (1) an order entered April 30, 1962, which denied said appellants' cross motion to dismiss the petition for patent insufficiency (see 34 Misc 2d 70); and (2) an order entered August 10, 1962, which inter alia granted said petition; annulled said determination; and directed that, effective as of February 23, 1962, said rent increases be reinstated. Orders reversed on the law, without costs; cross motion to dismiss the petition granted; and petition dismissed (Capway Realty Corp. v. Temporary State Housing Rent Comm., 18 A D 2d 687; Matter of Solmar Realty Corp. v. Temporary State Housing Rent Comm., 18 A D 2d 705). No questions of fact were considered. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.