J. Howard Rossbach, J.
Defendant, the agent of an apartment house in a residential district, was ordered by the Building Department of the City of New York to discontinue the use of a vending machine in the basement of said premises. This coin-operated machine, known as a “groeerette”, was placed adjacent to a milk-vending machine, and dispenses:
Bread
“ Junior Pies ”
“ Donuts ”
Chocolate Chip Snaps
Eggs
Three types of soda drinks
Defendant refused to comply with the order on the ground that the ‘ ‘ groeerette ’ ’ did not violate the residential zoning-resolutions which permit “ accessory uses ” to the main purpose of providing residences. Section 12-10 of the Zoning Resolution of the City of New York defines “accessory uses” as:
“ (a) Is a use conducted on the same zoning lot as the principal use to which it is related * * # and
“ (b) Is a use which is clearly incidental to, and customarily found in connection with, such principal use; and
“ (c) Is either in the same ownership as such principal use, or is operated and maintained on the same zoning lot substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the principal use.”
Defendant points out that under this or similar statutes milk-vending machines are considered an “ accessory use ” as a sort of mechanized milkman which has supplanted the flesh and blood route salesman of yesteryears. (Tarr v. City of New York, 12 Misc 2d 796; Dellwood Dairy Co. v. City of New Rochelle, 7 N Y 2d 374.) “ Accessory use ” has also been held to encompass machines dispensing bread and bakery products. (People v. Page, 36 Misc 2d 840.)
Defendant states this is a “ test case ”, and we are told that other cases hinge on the outcome. Unfortunately, the test has been brought in the wrong forum.
*189 The defendant could have contested the validity of the order by appealing it to the Board of Standards and Appeals under subdivision 6 of section 666 of the New York City Charter. Instead, the case is presented to a Criminal Court by virtue of defendant’s refusal to comply with the order of the Building Department.
The power of a trial court to review the legality of a departmental order in a prosecution for its violation is extremely limited. We believe that where the order is manifestly illegal on its face, a Criminal Court is not a complete rubber stamp to convict a defendant. Thus, Judge Froessel stated in Matter of 109 Beach 29th St. Corp. v. Archer (188 Misc. 769, 771): “While it is true that resort to the Board of Standards and Appeals to review an order of the Fire Commissioner is ordinarily the remedy of an aggrieved party in the first instance, it does not necessarily follow that this is his exclusive first remedy in every ease, such as where a statute is unconstitutional, or where there is no statute at all, or where the statute by its own terms does not apply in a given case.”
Ordinarily, however, the validity or propriety of a departmental order may not be decided in a prosecution for its violation. In People v. Namro Holding Corp. (10 A D 2d 702, affd. 8 N Y 2d 1131) the defendant was prosecuted for failing to comply with an order of the Building Department to correct certain building violations. The court stated (10 A D 2d 702): “ The propriety of the Notice of Violation may not be collaterally reviewed in the criminal prosecution for its disobedience.”
The decision of the Building Department that the vending of eggs and pies is not an “ accessory use ” cannot be termed illegal on its face. This is a matter of propriety which we may not here consider under the mandate of People v. Namro Holding Corp. (supra). Defendant ignored the order at his peril and is found guilty. In view of the fact that this is a test case, the fine will be modestly set at $10.