Arthur E. Blyh, J.
In this case the Fire Department and the defendant have been locked in legal combat since 1966.
The defendant owns and operates a 14-story loft building at 242 West 38th Street in Manhattan.
The Fire Commissioner apparently issued a violation order sometime in 1966 against the building. The substance of the violation order was that the defendant failed to comply with section C19-164.0 of chapter 19 of the Administrative Code of the City of New York. This section states that: “ In every building exceeding one hundred fifty feet in height, at least one elevator shall be kept in readiness for immediate use by the department [Fire Department] during all hours of the night and day including holidays and Sundays, and there shall be in attendance at all times a man competent to operate the elevator. ’ ’
On September 8, 1966 that complaint came on for trial in this court and the complaint was dismissed on the grounds that there was a failure of proof. There was no appeal by the People from this decision.
There then ensued a number of summonses served on the defendant and at each appearance required by such summons the People apparently withdrew each complaint. The defendant claimed harassment stating that he had been in court approximately 40 times as a result of such tactics. He applied to the Supreme Court for a writ of prohibition which was denied.
As a result of one of the summonses another trial took place in this court on March 19, 1970. After trial the court found the defendant guilty of noncompliance with the afore-mentioned section of the Administrative Code. The defendant appealed from this decision and the Appellate Term reversed the trial court, dismissed the complaint and remitted the fine which had been imposed by the trial court.
The majority of the Appellate Term who voted for reversal made it clear that in their opinion the alleged offense (if proven) could be a continuing one, permittting renewed charges following a prior acquittal. They also made it clear that, as in the *392 first case, there was essentially a failure of proof based on inadequate records of the Fire Department (which records were in turn based on the records of the Building Department) to support a finding with respect to the height of the building.
A new summons was served on the defendant in January of 1973 this time charging a failure by the defendant to comply with the Fire Commissioner’s violation order relying on section 488-1.0 of the Administrative Code. This section, amongst -other things, provides that any person who willfully violates or neglects or refuses to comply with any provision or requirement of this chapter (referring to that portion of the code which also deals with the Fire Department) or any regulation, order or special direction made thereunder, shall be guilty of a misdemeanor.
The defendant moved for dismissal of the complaint and argument was held before this court on August 9, 1973.
The arguments presented by the defendant in support of his motion were apparently similar to those presented to the Appellate Term on his appeal from the decision of this court in the trial which took place on March 19, 1970. (This appears so from the content of the lengthy dissent of Mr. Justice Lupiano. ) The defendant deals directly with the substance of the conflict, namely the question of whether the building in question falls within the ambit of section C19-164.0 of chapter 19 of the Administrative Code set forth in full above. Essentially the argument repeats the claim of immunity from further prosecution by reason of the doctrines of res judicata, collateral estoppel and double jeopardy. A reading of the cases cited by the defendant in support of his contention reveals that all of the crimes or offenses dealt with in those cases were matters of specific one incident events. None of the cases dealt with what could be held to involve a continuing offense.
The court however has difficulty with the People’s contention that the offense charged here is a continuing one. Such a posture assumes that, without a trial and a finding that the height of the loft building exceeds 150 feet, there is a violation. The defendant maintains that the building does not exceed 150 feet in height and that, therefore, there is no violation. If there is no violation there can be no continuing offense.
The People maintain that the mere fact of the issuance by the Fire Commissioner of the violation order and the failure to comply with such order is an offense (in this case a misdemeanor). The People rely on that portion of section 488-1.0 of the Administrative Code which states: “ Any person who *393 shall wilfully violate, or neglect, or refuse to comply with any provision or requirement of this chapter or any regulation, order or special direction duly made thereunder, shall also be guilty of a misdemeanor.”
The People then argue that the violation order alone compelled the defendant to comply with section C19-164.0 of1 the Administrative Code which requires that an elevator be in readiness at all times and that a competent operator be available on constant duty. The People thus attempt to avoid the real issue, that is — is the building in question more than 150 feet in height? — which finding is a necessary predicate before the defendant can be required to comply with section C19-164.0. In this light, how can the Fire Commissioner by the mere issuance of a violation order be the sole judge as to the existence of this predicate in the face of the denial by the defendant?
The court rejects the argument of the People which would raise this act of an administrative officer to a judicial level without a trial. This would be a complete denial of substantive due process.
The People claim that the defendant’s sole relief was to bring on a Supreme Court proceeding for a declaratory judgment or to apply to the Board of Standards and Appeals. This again is apparently based on the People’s position that by the Fire Commissioner’s order it has been finally determined that the building is more than 150 feet in height. But this is the very fact which the defendant denies. The challenge here is not to the power of1 the Fire Commissioner to conclude that buildings in the city which are more than 150 feet in height shall be required to comply with section C19-164.0 of the code. It is this aspect of the Fire Commissioner’s authority that in the opinion of the court is properly subject to appeal to the Board of Standards and Appeals.
It should also be pointed out that the summons which commenced the within prosecution set forth an allegation of violation of section 491a2-2.0 of the Administrative Code which deals with an order of the Fire Commissioner to vacate a building on the grounds that certain conditions therein are perilous to life or property in case of fire. Technically this could be grounds for dismissing the complaint. The reasons for not doing so are first that the defendant has not raised this objection and second that the court believes the issue here’ should not be avoided by technicalities, whether by error in the summons or the efforts by the People to elevate an administrative officer’s directive to the level of a judicial determina *394 tion of a necessary precondition. The court believes that only if there were a final determination that the building was more than 150 feet in height and no compliance with the section of the Administrative Code (§ C19-164.0) would there then be an offense. In such case any subsequent failure to comply could then be considered a continuing offense and subsequent prosecutions could take place regardless of any prior acquittals and failure to comply with the violation order could in itself be an offense.
Normally the court would take the position that the People had had the opportunity to litigate the matter of the height of the building in the two prior cases and that the defenses of res judicata, double jeopardy and collateral estoppel would be appropriate despite the fact that the People have attempted to change the theory of the case from failure to comply with section C19-164.0 to a failure to comply with the violation order of the Fire Commissioner. How many times can the People go to the well to prove their case — that is — the requisite height of the building before compliance can be required?
There is one vital difference, however, between this case and the kind of cases the court would exclude from further prosecution by the People in the light of these defenses.
The difference is that this ease involves public safety. This city has seen enough tragedy in the form of building fires in which for various reasons the Fire Department was not able to secure access to parts or all of the building area where a fire had commenced or was burning.
The section of the code cited (§ C19-164.0) evidently has as its objective the assurance that in the event of a fire firemen could secure quick access to all floors in buildings more than 150 feet in height.
The court is, therefore, reluctant to apply the normal rules which as stated would prohibit further prosecution.
In the interest of public safety the court denies the motion by the defendant to dismiss the complaint but makes the recommendation that in the event that the third trial, which will now take place, results in another acquittal, for whatever reason, further prosecution not be permitted by any other Trial Judge.
The People have the burden of guaranteeing that in the third trial the proper evidence and witnesses be marshalled and prepared so that the issue of the height of the building can be determined once and for all on the merits.
Settle order, which shall include a proposed date for trial* on notice.