Jerome L. Steinberg, J.
Defendants are before this court on a misdemeanor charge of violating section C19-161.2 of the Administrative Code of the City of New York in that they failed to comply with certain orders of the Fire Commissioner issued under the provisions of that section requiring them to provide, in an office building, certain fire safety measures, equipment and devices.
Section C19-161.2, in essence, provides that in any office building more than 100 feet in height occupied or arranged to be occupied for an occupant load of more than 100 persons above or below street level, the owner or person in charge of said structure is directed to furnish the fire safety measures, equipment and devices specified in the section.
The People claim that defendants cannot question the validity or propriety of the Fire Commissioner’s orders in a criminal prosecution against them for their failure to comply with the orders, and further assert that defendants’ sole relief would be to .bring on a Supreme Court proceeding for a declaratory judgment to have the orders declared illegal, or to apply to the Board of Standards and Appeals to annul them. This posture is apparently based on the People’s position that, by the Fire Commissioner’s orders, it has been finally determined that the building is occupied or "arranged to be occupied” for an occupant load of more than 100 persons above or below the street level. But this is the very fact which defendants deny. The challenge here is not to the power of the Fire Commissioner to issue such orders in applicable situations, but rather with the substance of the conflict, namely, the question of whether the building involved falls within the ambit of section C19-161.2.
The cases cited by the parties (People v Namro Holding Corp., 10 AD2d 702, affd 8 NY2d 1131; People v Feinberg, 48 Misc 2d 187; People v Looe, 51 Misc 2d 835; Matter of 109 Beach 29th St. Corp. v Archer, 188 Misc 769; People v Austern, 75 Misc 2d 390) all hold that this court in a criminal proceeding, does not have the authority to pass upon the *862 validity or propriety of an order or direction of an administrative officer in applicable situations over which he has jurisdiction.
By presenting these arguments against the power of this court to pass upon the validity or propriety of the administrative orders, the People thus attempt to avoid the real issue, that is, "Is the building occupied or arranged to be occupied for an occupant load of more than one hundred (100) persons above or below the street level?” — which finding is a necessary predicate before defendants can be required to comply with the provisions of section C19-161.2 or prosecuted for a failure to do so. In this respect, how can the Fire Commissioner, by the mere issuance of a violation order, be the sole arbiter as to the existence of this predicate in the face of the emphatic denials by defendants? The applicability of the ordinance to the building involved in this prosecution is a matter for judicial determination and not administrative fiat.
It is undisputed that the building in question is occupied by less than 100 persons, and the People do not contend otherwise. The People’s contention, however, is that the building is "arranged to be occupied” by more than 100 persons.
The proof produced at the trial, which was uncontroverted, establishes that the building in quéstion is a 12-story office building located at 180 Broadway with about 1,500 square feet of rental space on each floor for a total of about 16,500 square feet of space on the 11 floors above street level; that there is one unenclosed stairway in the structure which is 34 inches wide above the 4th floor and narrows to 30 inches on the 4th floor and 27 inches on the 3rd floor; that there is no fire escape and the stairway described is an exit to the outside; and that the building is actually occupied by 59 persons.
Section C26-201.0 of the Administrative Code defines "occupant load” as the number of occupants of a space, floor or building for whom exit facilities shall be provided.
Section C26-601.3 of the Administrative Code in substance states that the capacity of exits and access facilities in an office building shall be measured in units of width of 22 inches and the number of persons per unit of width shall be determined by the building classification specified in the section— which in the instance of an office building having exit facilities of the width of 27 to 30 inches, is not more than 60 persons.
In light of the undisputed physical layout of the building *863 and guided by the foregoing tests, stated in the sections mentioned, the court is persuaded that the building involved in this prosecution is not "so arranged to be occupied” by more than 100 persons as defined in section C19-161.2 of the Administrative Code, and therefore the ordinance does not apply to the defendants’ building.
The words "or arranged to be occupied” appearing in the statute, are very broad, indefinite and not specific enough to charge a person with criminal responsibility for noncompliance under these circumstances. As the defendants are charged with violation of an ordinance, a misdemeanor, the People are bound to prove defendants’ guilt beyond a reasonable doubt. This the People have failed to do.
Accordingly, defendants’ motion to dismiss the information is granted and the defendants are discharged.