THE VILLAGE OF HINSDALE, Plaintiff-Appellee, *v.* ALFRED N. KOPLIN, Defendant-Appellant.

Second District   No. 79-150

Opinion filed March 11, 1980.

Richard L. Hoffman, of Skokie, for appellant.

Klein, Thorpe & Jenkins, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether the defendant may be fined for failing to obey a stop-work order issued by the building commissioner of the village, later determined to have been wrongfully issued, is the sole question. We conclude that proof that the stop order was erroneous is a defense to the charge of the ordinance violation.

On October 17, 1977, the Hinsdale building commissioner and the village electrical inspector observed alteration work being done without a permit on premises under the defendant's control. The commissioner posted a stop order on the premises and sent a written stop order to the defendant on October 18. On October 20, 1977, the village filed complaints charging the defendant with failing to obtain a permit prior to starting alteration work and in connection with the electrical work in alleged violation of sections of the Hinsdale Building Code. On December 14, 1977, during a reinspection of the premises it was found that the alteration work was almost complete although the stop order had not yet been revoked. A second stop order was posted, and the following day additional complaints were issued against the defendant based on the continuation of the work after the stop order had been issued.

At the trial it was conceded that no permit was necessary unless there was to be a change in the bearing walls, beams, supports or the roof; and

the testimony of the witnesses for the village established conclusively that no such changes were made. The trial court entered judgment for defendant on the complaints which charged defendant with failure to obtain a building permit. The court, however, held against the defendant on the charge that defendant had continued the work after receiving the stop order. This is the judgment from which the appeal is taken.

■■ The village has conceded that the particular work did not require a building permit and that the stop order was therefore erroneously entered. While the defendant argues that the order was void, we do not agree. The order, though concededly erroneous, was not void since it was issued under a grant of legislative authority to make administrative decisions in connection with building alterations. While conceding that the order was erroneous, the village argues by analogy to judicial proceedings that the order, though erroneous, was required to be obeyed until stayed by court order or revoked by the village. In support of that proposition the village cites several cases, none of which we believe are applicable. In *Cooper v. Rockford Newspapers, Inc.* (1977), 50 Ill. App. 3d 250, 253, we noted the general rule that the orders of a court with jurisdiction over the person and subject matter must be obeyed until modified or reversed. In *People v. Mulgrew* (1974), 19 Ill. App. 3d 327, 332, we adhered to the familiar rule that a court's mandatory injunction must be obeyed "until it is overturned or modified by orderly processes of review," even though erroneously entered. Similarly in *People ex rel. Scott v. Barbers & Beauty Culturists Association* (1973), 9 Ill. App. 3d 981, 988, the respondent was held to the duty of obeying the injunctional order until there was a judicial determination of its legality.

The village seeks to elevate the administrative order of the village commissioner to the level of the injunctional order of a judicial officer without authority which supports such elevation. We cannot conclude that the administrative order of a building officer of the village may be raised to a judicial level without a judicial trial or at least some administrative hearing which affords substantive due process and an opportunity to defend.

■■ Before one may be held to comply with a stop order based on an alleged violation of a municipal building ordinance there must be a finding in a forum with procedures which provide substantive due process that the order is predicated upon what is, in fact, a violation of the village code. As noted by one court, "how can the Fire Commissioner, by the mere issuance of a violation order, be the sole arbiter as to the existence of [the violation] in the face of the emphatic denials by defendants?" (*People v. Cedar Management Corp.* (1975), 83 Misc. 2d 860, 373 N.Y.S.2d 290, 292.) Similarly, in *People v. Austern* (1973), 75 Misc. 2d 390, 348 N.Y.S.2d 50, the People argued that the violation order

alone compelled the defendant to comply with the code requirement that an elevator be in readiness at all times and that a competent operator be available on constant duty. But the provision was predicated on a finding that the building be more than 150 feet in height, a fact which the defendant denied. The court concluded that the fire commissioner by the mere issuance of a violation order could not be the sole judge as to the existence of the fact upon which the violation was predicated. It rejected the argument "which would raise this act of an administrative officer to a judicial level without a trial" as a "complete denial of substantive due process." (348 N.Y.S.2d 50, 53.) We adhere to a similar view.

■■ Of course, if the court had found that the stop order had been properly issued, the failure of the defendant to comply would have subjected him to the penalty. But we perceive no valid reason based on the village's exercise of its police power in the area of claimed building violations to require obedience to an erroneous order where the party claiming he has committed no violation has had no opportunity to be heard.

The judgment is reversed.

Reversed.

LINDBERG and VAN DEUSEN, JJ., concur.