OPINION OF THE COURT
Louis R. Rosenthal, J.
The defendant, Stanley Weber, is charged with a violation of section 488-1.0 of the Administrative Code of the City of New York in that he failed to restore and maintain a deluge sprinkler system on the property located at 14 Whale Square, Brooklyn, New York (hereinafter referred to as defendant’s property). The defendant maintains that the building located on the property is adequately protected by its own fully operable sprinkler system. The Fire Department of the City of New York contends that the now defunct deluge sprinkler system must be maintained to provide suitable protection for the buried oil storage tanks of Consolidated Edison that are located adjacent to defendant’s property. Defendant’s attorney and the Corporation Counsel of the City of New York, as the attorney for the fire department, have submitted memoranda in support of their positions. After hearing oral arguments and reading the memoranda of both the People and defendant, the *418 complaint is dismissed, as the court finds that the applicable sections of the Administrative Code do not apply to the defendant and that the defendant should not be compelled to provide fire protection for Consolidated Edison.
The defendant is the managing agent of Whale Realty Corp., the owner of a multistory industrial building at 14 Whale Square. The building has its own sprinkler system for its exclusive protection. There has been no allegation that combustibles are manufactured or stored on defendant’s property. On the property at 14 Whale Square, there is a deluge water system with outmoded and nonfunctioning abandoned sprinkler pipes that continue on to Consolidated Edison’s property. This defunct system is not utilized as part of the operable sprinkler system servicing the building on defendant’s property.
The vidlation order of the fire department, which is the underlying charge for the complaint before this court, cites the defendant with a “failure to restore and maintain deluge sprinkler system on east side of building overloading buried oil storage tanks.” It is uncontroverted that the buried oil storage tanks are entirely on the property of Consolidated Edison, adjacent to defendant’s property.
Title C of chapter 19 of the Administrative Code enables the fire commissioner to regulate the manufacture and storage of combustibles. The Corporation Counsel contends that section C26-105.1 of the Administrative Code mandates the defendant to maintain the defunct deluge sprinkler system in working order. Section C26-105.1 entitled “Maintenance requirements” reads: “All buildings and all parts thereof shall be maintained in a safe condition. All service equipment, means of egress, devices, and safeguards that are required in a building by the provisions of this code or other applicable laws or regulations, or that were required by law when the building was erected, altered, or repaired, shall be maintained in good working order.” This section applies to buildings. It is conceded that defendant’s building has a fully operable sprinkler system. The deluge sprinkler system that is the subject of the violations before this court is not part of the multistory industrial building on defendant’s property.
*419 Section 19-50.0 (subd b, par 12, cl A) of the Administrative Code, entitled “Fire Protection”, appears to be far more pertinent to the facts of this case. Section C19-50.0 (subd b, par 12, cl A) reads: “All above and underground tanks, includi -.g loading racks, cargo discharge location and all other portions of a bulk oil storage plant shall be protected by a fire extinguishing system subject to approval and test by the fire commissioner.”
If a problem, in fact, does exist in the fire prevention system of the subterranean oil storage tanks on the property of Consolidated Edison, who should be responsible for rectifying any inadequacy? Clearly Consolidated Edison has combustibles stored on its property and is subject to regulation by the fire commissioner under title C of chapter 19 of the Administrative Code. The building located on the property at 14 Whale Square has a fully operable sprinkler system for its protection.
It is true that in cases involving the public safety even such revered defenses as res judicata, double jeopardy and collateral estoppel will not automatically bar a further prosecution (People v Austern, 75 Misc 2d 390). Yet if a weakness exists in Consolidated Edison’s fire protection system of its underground storage tanks that contain highly combustible materials, then ought it not be Consolidated Edison’s duty to remedy the deficiencies in its system? The defendant should not be obliged to protect itself from an allegedly hazardous condition that he did not create.
The Whale Realty Corp., the defendant’s employer, purchased the property at 14 Whale Square on December 15, 1970 from Michael S. Levy, Co. The Consolidated Edison Company of New York acquired the property adjacent to defendant’s property on September 30, 1971, from Deepwater Terminals. The court after examining the easements, cited in the deeds, finds no special circumstances to hold the defendant guilty of violating section 488-1.0 of the Administrative Code. Moreover, even assuming, arguendo, that an easement existed that would place defendant under an affirmative duty to maintain the defendant’s deluge system for the benefit of Consolidated Edison, this would not alter this court’s determination. Consolidated Edison *420 would merely have an action at law to recover damages or a suit in equity for an injunction.
Accordingly, the court finds the defendant not guilty of violating section 488-1.0 of the Administrative Code.