THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD LUDWIG, Appellant.— Defendant appeals from a judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of a violation of sections 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York. Judgment unanimously affirmed. The question of the illegality of the order revoking the defendant's permit may not be reviewed in a prosecution for failure to comply with an administrative order. (*City of New York* v. *Wineburgh Advertising Co.*, 122 App. Div. 748; *City of New York* v. *Wineburgh Advertising Co.*, 124 id. 641.) The proper forum to test that question is provided for in section 666, subdivision 6, of the New York City Charter, effective January 1, 1938. (See *Matter of Towers Management Corp.* v. *Thatcher*, 271 N. Y. 94.) Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHESTER B. DURYEA, Respondent, v. RAYMOND F. C. KIEB, Superintendent of Matteawan State Hospital, Appellant.— Order sustaining writ of habeas corpus and directing appellant to deliver the body of respondent to the sheriff of the county of Kings affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Taylor, J., dissents and votes to reverse on the facts the order appealed from, to dismiss the writ of habeas corpus, and to remand the respondent to the custody of the appellant-superintendent, with the following memorandum: In my opinion (1) the order appealed from is a final order to discharge a prisoner within the purview of Civil Practice Act, section 1274, and is, therefore, appealable; (2) the test of whether relator is entitled to be tried upon the indictment for murder in the first degree found by the grand jury of Kings county in 1914 is whether he is of sufficient ability mentally to understand the charge against him and to make his defense thereto; and (3) the finding recited in the order appealed from to the effect that the relator has such ability is against the weight of evidence which, when the record is considered as a whole, including the testimony of expert witnesses and of the relator, not only warrants but requires a finding that the relator, a sufferer from dementia praecox, paranoic type, has not such ability.