■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM GILLMAN, Appellant. — Appeal (1) from a decision of a City Magistrate sitting as a Court of Special Sessions of the City of New York, Borough of Queens, and (2) from a judgment of said court (a) convicting appellant of a violation of section 643a–9.0 of the Administrative Code of the City of New York, in that he had failed to comply with an order issued by the commissioner of housing and buildings of the City of New York, and (b) sentencing him to pay a fine of $25 or to serve 5 days and to serve 30 days, execution of the 30-day sentence being suspended on ·condition that appellant comply with the order of the commissioner on or before December 16, 1957. The fine was paid. The order of the commissioner had directed appellant to discontinue the use of certain real property in the borough of Queens as a trailer camp and to remove the two trailers thereon which were being used without a certificate of occupancy as required by section 22 of the Zoning Resolution of the City of New York. Appeal from decision dismissed. No appeal lies from a decision. Judgment modified on the facts by reducing the amount of the fine from $25 to $5 and by eliminating both the 5-day and the 30-day sentences. As so modified, judgment unanimously affirmed, and the fine in excess of $5 remitted. The propriety of an administrative order issued by the city's commissioner of housing and buildings may not be reviewed in the criminal prosecution for its violation. Such review must be sought by an appeal from the order to the board of standards and appeals of said city, as prescribed by statute (New York City Charter, § 666, subd. 6; People v. Ludwig, 262 App. Div. 912). Neither may appellant successfully assert that the zoning resolution of said city is unconstitutional under

the circumstances disclosed (see *People* v. *Calvar Corp.*, 286 N. Y. 419). In our opinion, however, the sentence imposed was excessive in the light of the dilemma in which appellant finds himself by reason of conflicting provisions of law. Section 22 of the Zoning Resolution of the City of New York makes it unlawful to use or permit the use of any building or premises without a certificate of occupancy, whereas section 217-b of the Sanitary Code of the City of New York completely prohibits, without qualification, the maintenance of trailer camps within the city, and thus might render impossible the issuance of a valid certificate of occupancy to appellant for the use of his two trailers. Under the circumstances, appellant should be afforded an opportunity to remove the trailers or to take such proceedings as he may be advised to validate their use. This determination, therefore, is without prejudice to any such further proceedings by appellant. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.