■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NAMRO HOLDING CORP., Appellant.— Judgment of conviction affirmed. The charge upon which defendant was convicted in the Court of Special Sessions was that of knowingly failing and neglecting to comply with a notice of the Commissioner of Buildings and the Borough Superintendent for the Borough of Manhattan in which defendant was directed to correct certain conditions, that is, failure to properly maintain horizontal exits on various floors, the floor areas on both sides of the horizontal exit not being occupied by the same tenant. Defendant admits receipt of the Notice of Violation, dated July 31, 1951 — with the direction to abate the factory exit condition described therein — as well as its failure to comply therewith. That notice was clear as to factual nature of the violation, and made specific reference to pertinent sections of the Labor Law. While the paths to the precise subdivisions of the law and the regulations of the Board of Standards and Appeals may have been tortuous, they were ascertainable. The propriety of the Notice of Violation may not be collaterally reviewed in the criminal prosecution for its disobedience. (*People* v. *Gillman,* 6 A D 2d 899.) Adequate review by the Board of Standards and Appeals on that score could have been obtained under subdivision 6 of section 666 of the New York City Charter. Vagueness of the regulation upon which the notice of violation depends and the difficulty of finding it in the statutory labyrinth became immaterial when defendant disobeyed its directions and did not follow the proper procedure by appeal to test its efficacy. Defendant was not charged here with violating the substantive provisions of the Labor Law or any regulations promulgated to enforce or supplement that law. The gravamen of the information is the violation of section 643a–9.0 of the New York City Administrative Code, under which the failure to comply with an order of the Commissioner of Buildings is a misdemeanor. There is nothing vague or obscure about that statute. The stipulated facts amply support the conviction on that charge. Concur — Botein, P. J., Rabin and Valente, JJ.; Breitel and Bergan, JJ., dissent and vote to reverse in the following memorandum by Breitel, J.: I dissent and vote to reverse the judgment and dismiss the information, on the law, on the ground that the the regulation on which the violation depends is so obscure in language and so obscurely misplaced that it fails to attain the minimal status necessary to an accessible statement of law or sufficient to serve the giving of notice.

The clarity of the notice of violation is specious if, to determine its validity, one must pursue a tortuous path through a labyrinth, only to end up in a vague regulation. Nor do I understand *People* v. *Gillman* (6 A D 2d 899) or *People* v. *Ludwig* (262 App. Div. 912) to reach so far as to give an administrative officer power to create a misdemeanor by an unintelligible regulation. And this, merely because he orders compliance with his own direction, the validity of which is carefully screened from all but himself and his assistants. If the statute applied in the *Gillman* or *Ludwig* cases is construed thus, it is patently unconstitutional on elementary principles of illegal delegation of legislative power, violation of substantive due process, and the vagueness of statutes imposing criminal liability. Bergan, J., concurs in this dissenting memorandum.