TOM SAWYER MOTOR INNS, INC., Respondent-Appellant, v. COUNTY OF CHEMUNG, Appellant-Respondent.

Third Department, April 27, 1972.

*Donovan, Graner, Davidson & Burns* (*M. Bates Davidson* of counsel), for respondent-appellant.

*James E. Personius, County Attorney* (*Ralph S. Cramer* of counsel), for appellant-respondent.

HERLIHY, P. J.   These are cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered June 25, 1971, and from an amended judgment entered September 20, 1971, in Chemung County, upon a decision of the court at a Trial Term without a jury (Equity Term).

Upon a prior appeal this matter was remanded to the trial court for a new trial on the issue of the amount of temporary damages which should be awarded for the nuisance then conceded by the defendant to have been created by it to the extent of a temporary nature (33 A D 2d 720, 722).   It appears that the original trial and the hearings upon retrial were conducted before the same Justice and, accordingly, upon the retrial the Justice determined to accept and include the transcript of the prior trial for purposes of reaching his decision.   It is hornbook law that a court of equity has continuing jurisdiction over a cause before it, so that the rights of the parties may be settled and complete relief given (20 N. Y. Jur., Equity, § 36).

Upon it being established to the trial court's satisfaction that the nuisance had continued to exist for some five years and that it did not affirmatively appear that the defendant was going to successfully correct or abate the nuisance, he concluded that the damages and nuisance were no longer temporary in nature but that the nuisance was permanent and permanent damages should be awarded.   The contentions of the defendant upon this appeal that the trial court improperly considered the transcript of the prior trial and improperly made a final determination upon the retrial that the nuisance was permanent are without merit in the context of this particular case.

The questions of whether or not the nuisance was continuing at the time of the retrial and was so unlikely to be abated as to be permanent in nature were factual issues and the court's determination is not against the weight of the evidence.   While it is possible that the after value found by the court might reflect economic factors unconnected with the nuisance, the record demonstrates that the plaintiff suffered substantial damages from

the nuisance and it does not appear that the after value is clearly unrelated to the nuisance or is excessively low. The defendant having imposed such a condition on the plaintiff's property as to change the nature of its highest and best use in the market place cannot relegate the plaintiff to nominal damages by insisting upon absolute precision in the proof of damages. The trial court, in balancing the equities between the parties, quite properly adopted the recently promulgated rule of the Court of Appeals in *Boomer* v. *Atlantic Cement Co.* (26 N Y 2d 219, 225), "to grant the injunction conditioned on the payment of permanent damages to plaintiffs which would compensate them for, the total economic loss to their property present and future caused by defendant's operations".

The plaintiff correctly contends that the trial court erroneously construed the effect of section 3-a of the General Municipal Law by limiting interest to the rate of 3%. The net result of this case has been an appropriation (on occasion referred to as "inverse condemnation") by the defendant of an interest in the plaintiff's property to the extent of being able to waft obnoxious odors upon and over the said premises. While the condemnation power was not expressly used, the result is the same and the appropriate rate of interest would be 6%. (See *Ferguson* v. *Village of Hamburg,* 272 N. Y. 234, 239–240.)

The judgment should be modified, on the law and the facts, by increasing the interest awarded to the rate of 6%, and, as so modified, affirmed, without costs.

GREENBLOTT, COOKE, SWEENEY and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by increasing the interest awarded to the rate of 6%, and, as so modified, affirmed, without costs.