JUDITH A. GUZZARDI et al., Respondents, v PERRY'S BOATS, INC., et al., Appellants.

Second Department, March 14, 1983

APPEARANCES OF COUNSEL

*Alfred Sklaver* (*Harvey M. Sklaver* of counsel), for appellants.

·*Stockfield, Fixler & Hurta* (*Robert M. Schwartz* of counsel), for respondents.

BRACKEN, J.

In this action the plaintiffs seek to enjoin defendants from utilizing as a marina certain lake-front property owned by defendants and further seek to recover for damages allegedly sustained by the plaintiffs as a result of defendants' creating and maintaining a private nuisance adjacent to the plaintiffs' property.

The defendants' lake-front property in question is situated on Lake Oscawana, Town of Putnam Valley, Putnam County, New York. Defendant Perry Ellison is the owner of land abutting the lake and conducts a business through a wholly owned corporation, codefendant Perry's Boats, Inc. The property and business in question has been owned by defendant Ellison's family since the late 19th century.

In August, 1972 the plaintiffs, Stephen J. and Judith A. Guzzardi, purchased land adjacent to that of the defendants, which included a residence for use as a weekend and vacation retreat. Thereafter, in July, 1981, the plaintiffs commenced the instant action against the defendants.

The first cause of action alleges that the defendants' operation of a marina violated the provisions of the zoning ordinance of the Town of Putnam Valley since this type of business was prohibited in the "Residential Lake District", which district includes the land owned both by plaintiffs and defendants.

In the second cause of action plaintiffs allege that defendants' business created a private nuisance by virtue of excessive automobile traffic and the loud boisterous crowds which it attracted, as well as by the pollution caused to the lake by the large number of motorboats operated from the marina.

In lieu of submitting an answer to plaintiffs' complaint, defendants moved pursuant to CPLR 3211 (subd [a], pars 1, 7), to dismiss the action, alleging that the complaint failed to state a cause of action. The principal contention of the defendants was that the business in question constituted a

valid nonconforming use which predated the enactment of the town's zoning ordinance and, therefore, was authorized to continue pursuant to section 66.34 of article VII of the zoning ordinance.

By order entered October 27, 1981 the court (HAWKINS, J.), elected to consider the aforesaid motion to dismiss as being one for summary judgment pursuant to CPLR 3211 (subd [c]) and adjourned the return date of the motion to allow the parties the opportunity to submit additional affidavits and other evidence.

In support of the motion, defendants thereafter submitted affidavits by Ellison and five other long-standing residents of the community, several of whom were former town officials, to demonstrate that the business conducted by defendants did not violate the zoning ordinance and did not generate the traffic congestion and water pollution characterized by plaintiffs as constituting a nuisance. In opposition to the motion, plaintiffs submitted an affidavit by their attorney, as well as affidavits by four other persons owning property in the immediate vicinity of the defendants. The affidavits of these landowners had been sworn to in September and October, 1973 and had been submitted in 1973 in response to prior requests from the Town Building, Zoning and Sanitary Inspector to substantiate complaints made at that time to the effect that defendants' business activities violated the local zoning ordinance. These affidavits asserted that the character of the defendants' activities changed in the late 1960's from a "boat livery", primarily engaged in the rental of rowboats and canoes, to a marina, which involved a substantial business in the mooring and launching of large power boats. Plaintiffs, however, submitted no affidavits based upon their own personal knowledge addressing the situation as it existed at the time of the within motion.

We reverse and hold that Special Term erroneously denied defendants' motion for summary judgment in that plaintiffs have failed to submit sufficient competent evidence to establish major elements of the causes of action set forth in their complaint. Although the standard of proof required of an opponent in a motion for summary judgment is more flexible than the standard applicable to the mov-

ant, the opposing party is still required to tender evidentiary proof in admissible form to reflect such opposition or alternatively is required to demonstrate an acceptable excuse for the failure to do so (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068). In this regard, in order to maintain a private action to enjoin a zoning violation, plaintiffs must establish that they have the standing to do so by demonstrating that they have sustained special damages by virtue of defendants' activities (*Little Joseph Realty v Town of Babylon,* 41 NY2d 738; *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211; *Marcus v Village of Mamaroneck,* 283 NY 325, 333; *Rice v Van Vranken,* 132 Misc 82, affd 225 App Div 179, affd 255 NY 541). The Court of Appeals has stated, "In order to establish special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from the conduct of the forbidden use" (*Cord Meyer Dev. Co. v Bell Bay Drugs, supra,* p 218). Plaintiffs have not demonstrated in the affidavits submitted in opposition that there has been any diminution of the value of their property as the result of defendants' business activities. Further, the affidavit submitted by plaintiffs' attorney must be disregarded as it is not based upon personal knowledge (see *Sutton v East Riv. Sav. Bank, supra; Zuckerman v City of New York,* 49 NY2d 557, 563; *Matter of O'Hara,* 85 AD2d 669, 671). Were we to consider such attorney's affidavit, however, the conclusory assertions made by the attorney that plaintiffs were unable to sell or rent their premises, without setting forth specific detailed evidence to substantiate this fact, are insufficient to demonstrate the existence of special damages (see *Ilson v Incorporated Vil. of Ocean Beach,* 79 AD2d 697, 699; see, also, *Matter of O'Hara, supra,* p 671).

Similarly, although plaintiffs' verified complaint may be considered as an affidavit for purposes of this motion (CPLR 105, subd [s]; see *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870), the bald conclusory statements contained therein do not suffice to support a claim of special damages.

With respect to the affidavits prepared in 1973 by the neighboring owners, such are of limited probative value as

they were not submitted by parties to the action in question and essentially address a situation involving defendants' property as it existed over nine years ago.

We also note that conspicuously absent from the papers submitted by plaintiffs in opposition to this motion for summary judgment are affidavits by the individually named plaintiffs themselves setting forth, by virtue of their personal knowledge, any reduction in the value of their property resulting from defendants' business, and plaintiffs have not presented any reasonable excuse for their failure to supply such affidavits (see *Sutton v East Riv. Sav. Bank, supra,* p 553; *Friends of Animals v Associated Fur Mfrs., supra,* p 1068).

■ We further hold that plaintiffs' first cause of action may not be sustained as an action to enjoin a zoning violation pursuant to subdivision 2 of section 268 of the Town Law, which allows such action in those instances where, after written request by a resident taxpayer, an appropriate board or officer has not undertaken action to enforce the ordinance. In such instances any three taxpayers of a town may institute an action to enjoin the alleged violation (see *Little Joseph Realty v Town of Babylon,* 41 NY2d 738, *supra; Slevin v Long Is. Jewish Med. Center,* 66 Misc 2d 312). The instant action has been commenced by two rather than the three required taxpayers and there has been no demonstrable evidence that the proper local authorities in this matter failed or refused to take such appropriate action after a written demand was made upon them in the recent past.

■ In the second cause of action the plaintiffs seek to recover on the basis of defendants' maintaining a private nuisance, which liability is based upon the interference with the use or enjoyment of land. In such a case, the plaintiffs must demonstrate their entitlement to monetary damages or injunctive relief. Where the injury is permanent, the measure of damages for private nuisance is the diminution of the market value of the property (*Kinley v Atlantic Cement Co.,* 42 AD2d 496; *Senglaup v Acker Process Co.,* 121 App Div 49), or where the injury is temporary, the reduction of the rental or usable value of the property (*Woolsey v New York El. R. R. Co.,* 134 NY

323; *Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1,* 33 AD2d 720, further app 39 AD2d 4, affd 32 NY2d 775; see Prosser, Torts [4th ed], § 90, p 602).

Insofar as injunctive relief is concerned, such relief is available only if plaintiffs demonstrate that damage resulting from the alleged nuisance is not insubstantial (*Whalen v Union Bag & Paper Co.,* 208 NY 1; cf. *Nussbaum v Lacopo,* 27 NY2d 311; *Boomer v Atlantic Cement Co.,* 26 NY2d 219). Here plaintiffs have failed factually to put in issue their entitlement to damages under any of the applicable standards involving a private nuisance cause of action by means of competent evidence based upon personal knowledge, and further have failed to demonstrate that the defendants' business activities have interfered with the plaintiffs' present use and enjoyment of the property in question.

Accordingly, defendants' motion for summary judgment dismissing both causes of action of plaintiffs' complaint should be granted.

MOLLEN, P. J., WEINSTEIN and RUBIN, JJ., concur.

Order of the Supreme Court, Putnam County, entered April 5, 1982, reversed, on the law, with $50 costs and disbursements, and defendants' motion granted.