OPINION OF THE COURT
Per Curiam.
Order dated July 19, 1984 reversed, on the law, informations reinstated and matter remanded to Criminal Court for further proceedings.
*1053 Defendant operates a flea market at parking lot premises located on Canal Street, in Manhattan. During the period September 1983 to April 1984, four notices of violation were issued to defendant by the Buildings Department. Each of the notices, receipt of which is not denied, informed defendant that his use of the premises as a flea market was in violation of the existing certificate of occupancy and directed defendant to discontinue the illegal use "forthwith”. Defendant is charged with having knowingly failed to comply with these orders, in violation of Administrative Code of the City of New York §§ C26-85.5 and C26-86.5.
On defendant’s motion, the court below dismissed the informations, concluding that defendant’s operation of a flea market was not an impermissible use of the premises and, hence, that the underlying violations issued to defendant were without basis. This was error. The propriety of an administrative order issued by the city’s Commissioner of Buildings may not be collaterally reviewed in the criminal prosecution for its disobedience (People v Namro Holding Corp., 10 AD2d 702, affd 8 NY2d 1131; People v Gillman, 6 AD2d 899). Such review may be sought only by a direct appeal from the order to the Board of Standards and Appeals, as prescribed by New York City Charter § 666 (6).
In any event, we find no support in the record for the conclusion below that the underlying Administrative Code violations were improperly issued. Defendant’s operation of a flea market at the premises was clearly violative of the governing zoning ordinance (see, Zoning Resolution of City of New York § 32-17), which limits use of commercial space in the area to establishments "generally patronized by customers for special purposes not associated with retail shopping”, such as billiard parlors, bowling alleys, automobile driving schools, and public parking lots. That the ordinance does not, by its terms, prohibit the operation of a flea market does not mean that such use is thereby authorized. "It is a basic tenet of zoning jurisprudence that an ordinance which lists permitted uses excludes any uses that are not listed” (Incorporated Vil. of Old Westbury v Alljay Farms, 100 AD2d 574, 575; see also, People v Staszyn, 38 Misc 2d 100, 103).
Riccobono, J. P., Sandifer and Parness, JJ., concur.