OPINION OF THE COURT
Kassoff, J. P.
Appeal from so much of the orders as dismissed that portion of the informations charging defendants with violating section 32-41 of the zoning ordinance dismissed.
Order dismissing that portion of the informations charging the defendants with violating sections of the Administrative Code of the City of New York reversed, on the law and facts, verdict reinstated and matter remanded for sentencing.
The defendants were charged with failing to obey an order issued by the Commissioner of the New York City Department of Buildings directing them to cease operating a flea market at Aqueduct Race Track in violation of section 32-41 of the applicable zoning ordinance (Administrative Code §§ 643a-12.0, C26-87.0). They were also charged with violating the specific section of the ordinance in question.
Since the court below made clear in its opinion that the People failed to prove defendants’ guilt of violating section 32-41 itself, the appeal from so much of the order as dismissed that count of the information must be dismissed since the appeal would in effect be an appeal of an acquittal.
We turn now to the merits of the order insofar as they dismiss the remaining counts.
Those counts, as previously indicated, charge defendants with failing to obey the Commissioner’s order to cease operating the flea market. The court below dismissed this portion of the information on the ground that the People failed to prove defendants’ guilt of the underlying violation and that therefore the stop order was invalidly issued. In doing so, the court noted in its opinion that the rule precluding a collateral attack in a criminal proceeding on a notice of violation and direction to cease, set forth in People v Namro Holding Corp. (10 AD2d 702, affd 8 NY2d 1131) was no longer to be followed. However, this court has previously adhered to this holding in People v Brooklyn Union Gas Co. (NYLJ, Nov. 2, 1983, at 14, col 1 [App Term, 2d & 11th Jud Dists]) and in the recent case of People v Kaufmann (129 Misc 2d 1052, Iv denied 65 NY2d 982) the Appellate Term, First Department, has done the *455 same. In the absence of any higher appellate authority holding to the contrary, it is our opinion that People v Namro Holding Corp. (supra) remains the law. We also note that the rule espoused therein is not one involving the doctrine of exhaustion of administration remedies. Rather, it is one dealing with the propriety of the forum selected for review. This being so, defendants’ argument that they were misled in failing to exhaust their administrative remedies is beside the point.
Defendants also maintain that they were the victims of discriminatory enforcement. However, even conceding the fact that defendants’ was the only flea market subjected to prosecution under section 32-41 of the ordinance, a reading of the record fails to indicate that the instant prosecution was shown to have been conducted for the purpose of furthering the welfare of the business community of the area, as alleged by defendants. Granted that the record demonstrates a desire on the part of that community to terminate the operation of the flea market, nevertheless, as noted by the court below, it remains unclear exactly what prompted the inspection leading to this prosecution. In view of the evidence of complaints by other residents of the area regarding the flea market, it cannot be said that the defendants shouldered their weighty burden of demonstrating that this prosecution was conducted with an "evil eye” as well as an "uneven hand” (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686; see also, People v Acme Mkts., 37 NY2d 326).
We find no merit to defendants’ remaining contentions.
Monteleone and Lerner, JJ., concur.