■ In the Matter of MARCEL ST. ONGE et al., Respondents, v JEAN DONOVAN, as Chairperson of the Town of Colonie Zoning Board of Appeals, et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 3, 1986 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate a determination of respondent Zoning Board of Appeals of the Town of Colonie requiring a de novo application for continuance of a use variance.

In May 1977, Robert and Ida Doyle obtained what purported to be a variance from respondent Town of Colonie Zoning Board of Appeals (Zoning Board) on property located at 433 Loudon Road in the Town of Colonie, Albany County. The property was located in a residential "A" zone, where commercial use of property is not permitted without a variance. The variance granted to the Doyles specifically provided that "this building, however, is to be used solely by the applicants and may be used only in connection with their existing real estate business".

On April 18, 1985, in connection with a proposed sale of the subject property by the Doyles to petitioners, petitioners applied to the Town of Colonie Planning Board for site plan approval to continue to use the premises as a real estate office. The Planning Board denied the application on August 2, 1985, indicating that a variance was necessary for petitioners to operate a real estate office on the premises. Petitioners appealed this decision to the Zoning Board and on January 14, 1986, the Zoning Board determined that the 1977 variance was intended to be temporary and, consequently, petitioners should present new evidence in support of an extension of the temporary variance. Accordingly, the Zoning Board published and posted a further notice of public hearing. At the next hearing, held on February 11, 1986, petitioners failed to appear or present any evidence in support of an extension of the variance. Consequently, the Zoning Board denied the application to extend the temporary variance without prejudice to a future application.

On February 27, 1986, petitioners commenced the instant CPLR article 78 proceeding requesting a judgment annulling the decision of the Zoning Board which denied petitioners' application for a continuation of the use variance. Supreme

Court granted the relief sought by petitioners and this appeal by respondents ensued.

Petitioners take the position, and Supreme Court agreed, that since a variance generally "runs with the land" (see, 2 Anderson, New York Zoning Law & Practice § 23.02, at 160; § 23.53, at 243 [3d ed]), it was improper for the Zoning Board to have attempted to grant a variance personal to the Doyles. Accordingly, they reason, such improper condition should not be given effect and the variance should inure to petitioners' benefit.

Since a variance is an authorization for a use of land which is prohibited by the zoning ordinance, the Zoning Board of Appeals has inherent power to impose conditions upon the variance (see, Matter of Dexter v Town Bd., 36 NY2d 102, 105). However, the conditions must relate reasonably to the proper objectives of zoning (2 Anderson, New York Zoning Law & Practice § 23.55, at 246 [3d ed]). Also, while it is generally true that a variance runs with the land, a variance may be conditioned to expire within a certain time (2 Anderson, New York Zoning Law & Practice § 23.53, at 243 [3d ed]). However, granting a variance personal to the applicant is not, absent some special circumstances, related to the proper objectives of zoning. In Dexter, the Court of Appeals struck down a rezoning which was personal to the applicant, noting the fundamental principle that zoning deals basically with land use and not with the person who owns or occupies it.

In this case, the condition attached to the variance, that it be personal to the Doyles, is not related to a proper objective of zoning and, accordingly, is improper and unauthorized. However, it does not necessarily follow that the condition should be ignored and petitioners be granted the benefit of an unconditional variance. The grant of a variance lies within the discretion of the Zoning Board and we cannot assume that the Zoning Board, had it realized it could not grant the variance personal to the Doyles, would have granted an unconditional variance. Thus, petitioners have no right to the variance. Their remedy is to seek a variance from the Zoning Board.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.