■ ANTHONY I. CAMARDA et al., Individually and on Behalf of All Persons Similarly Situated, Respondents-Appellants, v ALFRED G. VANDERBILT et al., Individually and as Trustees of the New York Racing Association, et al., Appellants-Respondents.—In an action, *inter alia,* for a permanent injunction, the defendants separately appeal from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), dated March 19, 1987, as denied those branches of their respective motions which were for summary judgment dismissing the entire complaint as against them, and the plaintiffs cross-appeal from so much of the same order as dismissed that portion of the complaint which sought a permanent injunction enjoining the "defendants from committing alleged zoning violations at Aqueduct Race Track".

Ordered that the cross appeal is dismissed as abandoned without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as appealed from by the appellants-respondents, on the law, without costs or disbursements, the defendants' respective motions are granted, and the complaint dismissed.

This action was brought by home owners living in the immediate vicinity of either the parking lot of the Aqueduct Race Track (hereinafter Aqueduct) in Queens County or the Belmont Park Race Tracks (hereinafter Belmont) in Queens and Nassau Counties.

The New York Racing Association, Inc. (hereinafter the NYRA) owns and operates the racetracks. NYRA is a nonprofit racing association organized under section 1 of Laws of 1955 (ch 812) as amended (amdg L 1926, ch 440; *see, Queens County Business Alliance v New York State Racing Assn.,* 89 AD2d 46, 47), for the purpose of conducting thoroughbred horse racing, parimutuel betting, and wagering to raise revenues for the State.

The NYRA leased the racetrack parking lots to the defendant Barterama Corp. for the purpose of conducting flea market operations on nonracing days. Flea market operations began at the Aqueduct parking lot in 1973 and at the Belmont parking lots in 1977.

The first cause of action in the amended complaint alleges

that the defendants' operation of the flea markets violates, *inter alia,* New York City Zoning Resolution § 32-41 and Town of Hempstead Building Zone Ordinance former § 6-701.

The second cause of action seeks to enjoin a private nuisance allegedly resulting from the flea market operations. The plaintiffs claim that they have suffered special damages in that the values of their respective properties have depreciated by $5,000.

In lieu of answering the amended complaint, the defendants moved pursuant to CPLR 3211 to dismiss for failure to state a cause of action. However, the Supreme Court treated the motion as one for summary judgment and dismissed the complaint. This court reversed the Supreme Court's order granting summary judgment to the defendants because it had not given notice to the parties of its intention to so convert the motion *(Camarda v Vanderbilt,* 100 AD2d 836).

On remand, the defendants served their answer and then moved for summary judgment in December 1986. In support of their motion, the defendants submitted a memorandum opinion in a related criminal proceeding *(see, People v New York Racing Assn.,* 135 Misc 2d 453), which reveals that the defendants were acquitted of charges of violating the New York City Zoning Resolution. Also submitted was an order of the District Court of Nassau County dismissing an accusatory instrument filed against the NYRA in Nassau County. In addition, the defendants resubmitted two affidavits previously tendered by the plaintiffs, in order to demonstrate that the plaintiffs could not substantiate their claim that there had been a diminution of value in their property. In one affidavit, dated April 5, 1983, a real estate broker opined that "the continued operation of the flea markets on Race Track properties * * * *will* substantially diminish the value of the properties in proximity to the flea market operations". In the other affidavit, also dated April 5, 1983, the plaintiff, Anthony Camarda, asserted: "the value of my house has decreased by at least $5,000 as a result of the defendants' illegal business activities in regard to the flea market".

In opposition to the motion for summary judgment, the plaintiffs submitted an affidavit by their attorney, as well as a letter from the Locustwood Civic Association, Inc., of Elmont, New York, purporting to represent residents who dwell in close proximity to the Belmont racetrack, alleging that "[i]n fact, property values have been driven down by at least $5,000 to $10,000 or more". They also offered form affidavits from

persons who are not plaintiffs, complaining of noise, noxious odors, litter, increased traffic, parking difficulty, urination upon properties, and general danger to their health, safety and welfare. These persons also claim that the value of the surrounding property has been diminished by "at least $5,000 to $10,000 or more".

The court granted the defendants' motion only to the extent that they sought summary judgment dismissing that portion of the first cause of action asserted in the amended complaint which sought to enjoin the defendants' operation of a flea market at Aqueduct as violative of certain zoning resolutions and ordinances.

We find that summary judgment must be granted dismissing that portion of the first cause of action which seeks to enjoin the defendants' flea market activities at Belmont as violative of certain zoning resolutions and laws. Zoning "serve[s] as 'a vital tool for maintaining a civilized form of existence' for the benefit and welfare of an entire community" *(Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 745, quoting *Udell v Haas,* 21 NY2d 463, 469). "Its provisions must be enforced with these goals in mind. It follows that, when a continuing use flies in the face of a valid zoning restriction, it must, subject to the existence of any appropriate equitable defenses, be enjoined unconditionally" *(Little Joseph Realty v Town of Babylon, supra,* at 745). Here, however, the record establishes that the defendants' activities are not in violation of any zoning ordinances or resolutions.

We further find that the defendants are entitled to summary judgment with regard to the second cause of action. "Although the standard of proof required of an opponent in a motion for summary judgment is more flexible than the standard applicable to the movant, the opposing party is still required to tender evidentiary proof in admissible form to reflect such opposition or alternatively is required to demonstrate an acceptable excuse for the failure to do so" *(Guzzardi v Perry's Boats,* 92 AD2d 250, 252-253; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068). In order to maintain an action to permanently enjoin an alleged private nuisance, the plaintiffs are required to demonstrate that they have sustained special damages because of the defendants' activities *(Guzzardi v Perry's Boats, supra,* at 253). At bar, the plaintiffs' claims of entitlement to special damages are conclusory, unsubstantiated, and insufficient to defeat the defendants' motions for summary judgment. The plaintiffs make a general claim that

the value of the property surrounding the racetracks has diminished by approximately $5,000 because of the flea markets. "Such round figures, with no attempt at itemization, must be deemed to be a representation of general damages" *(Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 441). Nor does the affidavit of the real estate broker establish that the plaintiffs have sustained any present injury. Moreover, they offer no excuse for their failure to establish the special damages necessary to maintain this cause of action *(see, Guzzardi v Perry's Boats, supra).*

For the foregoing reasons, the amended complaint must be dismissed in its entirety. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.