■ In the Matter of ALCID BEAUDIN, JR., Respondent-Appellant, v TOWN OF ALEXANDRIA PLANNING BOARD et al., Respondents, and AQUAMANIA, INC., et al., Appellants-Respondents. [649 NYS2d 278] —Judgment unanimously affirmed without costs. Memorandum: Aquamania, Inc., and Richard Merola (respondents) appeal from that part of a judgment of Supreme Court that granted the petition to annul the site plan approval obtained by respondents. We agree that the site plan approval should have been annulled, but for a reason different from that stated by the court. The area variance allegedly obtained by respondents in 1992 for the construction of a building as a marine sales and service facility is not personal to respondents; rather, it runs with the land (see, Matter of St. Onge v Donovan, 127 AD2d 880, 881). The variance is limited to the parcel that was the subject of the 1992 application and does not apply to adjacent properties (see generally, 2 Anderson, New York Zoning Law & Practice § 23.02 [3d ed]).

We agree with the court that petitioner is not entitled to an injunction preventing continued violation of the conditions of the 1992 site plan approval. "[I]n order to maintain a private action to enjoin a zoning violation, [petitioner] must establish that [he has] the standing to do so by demonstrating that [he has] sustained special damages by virtue of [respondents'] activities" (Guzzardi v Perry's Boats, 92 AD2d 250, 253; see, Little Joseph Realty v Town of Babylon, 41 NY2d 738, 741-742). Petitioner has not demonstrated any diminution of the value of his property as a result of the alleged violation and therefore is not entitled to injunctive relief (see, Cord Meyer Dev. Co. v Bell Bay Drugs, 20 NY2d 211, 218, rearg denied 20 NY2d 970). Nor did petitioner comply with Town Law § 268 (2).

(Appeals from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Denman, P. J., Green, Callahan, Doerr and Boehm, JJ.