# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1238**
**CA 13-02246**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

GARY J. SMITH, EUGENE L. SMITH AND SANDRA COLE,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

STEPHENS MEDIA GROUP-WATERTOWN, LLC,
DEFENDANT-APPELLANT.

---

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (JULIAN B. MODESTI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HRABCHAK, GEBO & LANGONE, P.C., WATERTOWN (MARK G. GEBO OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered March 6, 2013.  The order, among
other things, denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion in part
and dismissing the claim pursuant to Town Law § 268 (2), and as
modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking enforcement
of Town of Rutland Code § 130-48 (E) (1) (g), which requires that
"[t]he minimum setback distance of a communications tower from all
property lines shall be equal to 100% of the height of the
communications tower."  Plaintiffs allege that the size of the parcel
owned by defendant is insufficient to permit its 370-foot radio
transmission tower to meet the minimum setback distance.  Plaintiffs
seek, inter alia, injunctive relief enjoining the alleged violation.

Supreme Court properly granted plaintiffs' cross motion seeking
leave to amend the complaint to substitute Karen P. Smith as a
plaintiff in the place of Eugene L. Smith (*see United Fairness, Inc. v
Town of Woodbury*, 113 AD3d 754, 755; *Midland Mtge. Co. v Imtiaz*, 110
AD3d 773, 775).  The court also properly denied defendant's motion
seeking summary judgment dismissing the complaint on the ground that
plaintiffs impermissibly assert a private cause of action to enjoin
the alleged zoning violation.  A private action to enjoin such a
violation generally requires a showing of special damages, and we
agree with defendant that plaintiffs have not presented evidence of
such damages (*see Guzzardi v Perry's Boats*, 92 AD2d 250, 253).
Nevertheless, as the owners of property adjacent to the alleged

violation, plaintiffs have standing to maintain an action enjoining the alleged violation without proving special damages inasmuch as they are within the "zone of interest" protected by the ordinance at issue (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 409-410; *see Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843, 844).

The court erred, however, in denying that part of defendant's motion seeking summary judgment dismissing plaintiffs' claim pursuant to Town Law § 268 (2), and we therefore modify the order accordingly. That statute permits a town to "institute any appropriate action or proceedings" to prevent or restrain the violation of its zoning laws (*id.*). It further provides that, "upon the failure or refusal of the proper local officer, board or body of the town to institute any such appropriate action or proceeding for a period of ten days after written request by a resident taxpayer of the town so to proceed, any three taxpayers of the town residing in the district wherein such violation exists, who are jointly or severally aggrieved by such violation, may institute such appropriate action or proceeding in like manner as such local officer, board or body of the town is authorized to do" (*id.*). Plaintiffs concededly failed to show that the written request contemplated by the statute was made, and they thus failed to satisfy a condition precedent to maintaining their claim pursuant to the statute (*see Guzzardi*, 92 AD2d at 254; *cf*. *Phair v Sand Land Corp.*, 56 AD3d 449, 450; *see generally Little Joseph Realty v Town of Babylon*, 41 NY2d 738, 741). Contrary to plaintiffs' contention, the written record of their oral request in the minutes of the Town Board meeting does not satisfy the requirement of a written request (*see generally Wilson v Incorporated Vil. of Hempstead*, 120 AD3d 665, 666).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court